# Luck v. Commonwealth.

Everything which the nature of the subject of a title reasonably suggests as necessary or appropriate, for the accomplishment of its express purpose being sufficiently indicated in its title, the Act of June 1, 1887, P. L. 287, is obviously not unconstitutional in any of its sections nor as a whole.

The fact that the County Commissioners did not publish the act as therein required does not render it inoperative, and in the absence of proof, the presumption is that the Commissioners performed that duty.

No man is held by law by a higher degree of skill, than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. If it was the ordinary usage to have spark arresters on engines, and to burn leaves, etc., for more than 123 feet away from the location of the engine, the proof should show it. In the absence of such proof, carelessness or negligence is not made out against the defendant.

FOREST FIRES—CONSTITUTIONAL LAW—PUBLICATION—
NEGLIGENCE.

Certiorari to S. P. Kern, J. P., of Blain Borough.

No. 17, Nov. Term, C. P. of Perry county.

John A. McKee and Charles H. Smiley, Esqs., for Plaintiff in error.

Alfred P. Reid for Defendant in error.

The facts in the case appear fully in the opinion of ATKINSON, P. J., filed June 4, 1901.

(Opinion of the Court.)

Frederick Luck, Plaintiff in error was arrested at the suit of the Commonwealth upon the charge that he did carelessly burn and fire upon the land of John Tyler in the Township of N. E. Madison in the County of Perry, the timber which was leased by S. Gibney, trees, brush, stubble and other combustible material whereby said fire was communicated to the leaves, brush and timber lands belonging to other parties in said County of Perry in violation of the 3rd Section of the Act of Assembly approved June 1, 1887, P. L. 287, entitled "An Act for the encouragement of forest culture and providing penalties for the injury and destruction of forests" as amended by the Act of Assembly, approved May 14, 1891, P. L. 60.

After hearing before Justice Kern, the defendant below was convicted on the charge set forth in the information and a

fine of Five Dollars was imposed upon him, together with the costs.

On September 15, 1900, a writ of certiorari was issued and the record of the proceedings before the magistrate was returned to this Court. Exceptions were filed to this record which were argued and are now before us for adjudication.

The first exception avers that Sections 3 and 4 of the Act of June 1, 1887, P. L. 287, are unconstitutional and offend against Article 3, Section 3, of the Constitution in this that the title of the Act is misleading. No notice is given in the title of the subject matter in said Sections 3 and 4. The second exception practically raises the same question, but is argumentative in character. The title of the above act is as above stated. Its first and second sections provide one method whereby it is sought to encourage forest culture, namely, by authorizing the County Commissioners to pay a percentage of the taxes assessed against said land to the owner or owners of any land planted with forests or timber trees.

The purpose of such payments is to encourage and induce the owners of land to grow timber trees and thus increase and maintain the area of woodland in the State.

The third section provides a penalty of fifty dollars for certain acts tending to injure or destroy forest growths, and this penalty is imposed upon any one who shall "wilfully or carelessly burn or fire upon his or their own land, or that of others, any trees, brush, stubble or other combustible material, whereby fire shall be communicated to the leaves, brush or timber upon any forest or timber land belonging to other parties."

The constitutional provision of which the above stated act is supposed to be a violation is as follows:—Article 3, Section 3, "No bill except general appropriation bills shall be passed, containing more than one subject, which shall be clearly expressed in its title."

The act is for the encouragement of forest culture. The penalty imposed is germane to the purposes sought to be at-

tained by the statute. It is in furtherance of the objects at which the statute aims.

It is elementary that the essential parts of a statute are the declaratory, the directory, the remedial and the vindicatory. If the vindicatory section of the statute is in furtherance of its purposes, it is embraced by a title that clearly expresses the subject of the act. Everything which the nature of the subject of a title reasonably suggests as necessary or appropriate for the accomplishment of its expressed purpose is sufficiently indicated by such a title. Commonwealth vs. Jones, 4 Super. Ct. 362.

It is futile to expend the public money for the encouragement of forestry if the results sought to be attained may be destroyed with impunity by the careless or wilful acts of reckless persons. The object of the act being to encourage forest culture and prevent deforesting, the details for accomplishing this purpose need not be referred to in its title, even if the penalty may be imposed upon any person who destroys or injures forests.

The act is obviously not unconstitutional in any of its sections nor as a whole, and the first, second and third exceptions are overruled.

The fifth section requires the Commissioners of each county to publish the act in one newspaper of general circulation, in the county, and it is contended that the Commonwealth should have established the fact of publication by proof in order to warrant the conviction of an offender against its provisions. But it is nowhere stated that the act shall be inoperative until it is published in a newspaper. If it were published in the usual and ordinary way it would be effective, while the presumption is that the Commissioners performed their duty and the obligation of proving the contrary is upon the defendant.

The complaint made by R. V. Woods, the prosecutor, was sufficient to give jurisdiction to the magistrate. The prosecutor was not bound to aver or prove that the lands burned over did not belong to the defendant. No presumption of ownership

can arise in the defendant's favor. The fire seems to have covered a wide area of forest land, and he was not in possession of any of it except so much as was occupied by his machinery, wood yard and boarding house.

The transcript of the magistrate shows that the defendant was adjudged guilty of the offense charged in the information, and the information was drawn in the language of the act. This would be sufficient in an indictment, and was adjudged to be adequate in Commonwealth v. Burkhart, 23 Pa., 521, which was a case of summary conviction. It is there stated that "that the Courts are no longer astute in discovering defects in such proceedings, and when the charge in the complaint and summons is so specific as to give the defendant fair notice of the time and place of the offense charged as is done here, it ought to be regarded as sufficient, and where the defendant appears and goes to trial without any objection to the complaint and summons on account of indefiniteness such a defect ought to be considered as cured."

The foregoing remarks cover all the exceptions as originally filed but the seventh.

The seventh exception is as follows: "The finding and judgment in this case is not warranted by the evidence and is contrary to all the evidence in the case.

This exception requires us to determine whether the testimony set out in the transcript is sufficient to justify the conviction. It is the duty of the magistrate in cases of summary conviction to set out the substance of the testimony. In Commonwealth v. Borden, 61 Pa., 276, it is said: "On this point the English cases observe great strictness; and in our own we have never held that less than the essential parts or particular substance of the whole testimony should be set forth." The judgment of the magistrate on the weight of the evidence is to be taken, Commonwealth v. Burkhart, Supra, but the appellate tribunal must judge of its sufficiency.

The offense charged in the complaint is that the defendant

d

"did carelessly burn or fire trees, brush or other combustible material whereby fire was communicated to leaves, brush or timber upon timber or forest land belonging to other parties."

The question presented is, has the offense charged been made out by the proof of the case?

The law is penal, it must be construed strictly and the offense must be proved beyond a reasonable doubt. Two elements must be shown in order to convict, first, the carelessness of the defendant, and second, that the fire was the result of such carelessness.

We consider that the word "carelessness" in the statute is synonymous with negligence. It is defined "having no care; heedless; inattentive; remiss; negligent; cursory." Negligence is the absence of care, according to the circumstances, P. W. & B. R. R. Co. v. Stinger, 78 Pa. 219.

The standard of diligence is not that of a particular man, but of the average prudent man. The first requisite for the plaintiff is to show the existence of the duty which he alleges has not been performed, and then he must show a failure to observe this duty; that is, he must establish negligence on the defendant's part.

"This is of an affirmative fact, the presumption always being until the contrary appears that every man will perform his duty." Cooley on Torts, 659. It is not sufficient for the plaintiff to prove a state of facts consistent with the accident having been caused by the negligence of the defendant. He must prove that it was caused by the defendant. Keeping these principles in view we must determine whether the charge is made out by the testimony.

R. V. Woods testifies that the defendant was warned to burn around mill, and that the defendant told him, Woods, that it was too dry to burn around mill.

Robert Campbell testifies that it was not burned around mill, it was a dangerous place. Witness told Bill Scott it was a dangerous place. William Bayler testifies, it might have been

Luck v. Commonwealth.

a dangerous place. Said in the presence of the Shilling boys that it should be burnt around mill. Frank Molder testifies that stack was thirty-one to thirty-two feet high. No spark arrester on engine.

Edwin Garver testifies it was middling windy on that day. The wind was brisk. First fire southeast of stack towards moun-tain at the boarding house. Second fire broke out west of the Mill. Heard Luck tell Woods that it was too dry to burn around mill and cleared off ground.

Frank Bailey states, was a windy day when fire occurred.

Mr. Spotts testifies, at fire when it came towards his mill, about three-quarters of a mile to his mill from Spotts. Men fired against road. They were fighting the fire from towards Spotts.

D. Rice, Constable, testifies, fire was all around stave mill. Checked at Waterford Narrows. On this side of mountain day of fire, not familiar with ground. Wind going every way.

Frederick Luck testifies that he set mill last winter, cleared and burned for one hundred and twenty-three feet, covered with saw dust, sparks went out southeast. Hired men to help put sparks out. Sparks flew ninety-two feet from smoke stack to-wards shanty. Seen fire about 12 o'clock, one hundred and ninety-six feet direct west. Sparks went southeast in both in-stances. Frequent fires in saw dust. Would not burn more than one hundred and twenty-three feet on account of being too dry. Wind carried sparks ninety-two feet that day.

Edward Shilling testifies, cleared and burned for one hund-red and twenty-three feet, then placed mill. Covered burnt area with saw dust as it was made. Luck watched for fires at mill when fire occurred. Helped Luck when wind got up. Sparks dropped above boarding house. Second fire about twenty-one feet from mill. Fire turned back when Luck went out. Fire ran towards road, then towards mountain. Fire went away from mill, came back around.

W. A. Martin testifies, have stave mill about three-fourths of a mile from Luck. Was at dinner when he saw smoke. Fought

fire until midnight. Has spark arrester on his engine. Martin burned one hundred and fifty to one hundred and seventy-five feet around his own mill.

It will thus be seen that the defendant had no spark arrester on his engine, and that he burned the leaves away for a distance of only one hundred and twenty-three feet.

Do these facts constitute carelessness on the part of the defendant? Was it his duty to have spark arrester on his engine? How far should he have burned the leaves away?

"The unbending test of negligence in methods, machinery and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. However strongly we may be convinced that there are better and less dangerous methods or machinery, no jury can be permitted to say that the ordinary and usual way commonly adopted by those in the same business is a negligent way, for which liability shall be imposed." Dooner v. Del. & Hudson Canal Co. 171 Pa. 602.

Is it the ordinary usage of persons employed in the business in which the defendant was engaged to have spark arresters on engines and to burn leaves, etc., for more than one hundred and twenty-three feet away from the location of the engine? If such was the usage, the proof should show it, but there is no testimony in this case to establish such a usage among persons in the business in which the defendant was engaged at the time of the fire.

In the absence of proof, we must hold that carelessness or negligence is not made out against the defendant. It is established that the saw dust about the mill had taken fire the same day presumably from the sparks from the engine, but this in itself is no proof of negligence in a civil action, much less in a criminal prosecution. In P. & R. R. R. Co. v. Yeiser, 8 Pa. 366 it is held that "in an action against a railroad company to recover damages for injury to woods and fences caused by sparks from the company's engines, negligence in managing the fires

must be proved; it cannot be inferred from the mere happening of the fire." To the same effect are Taylor v. R. R. Co. 174 Pa. 171, Shearman & Redfield on Negligence, 668, 675; P. & R. R. Co. v. Yerger, 73 Pa. 121.

The testimony shows that W. A. Martin, who was operating a stave mill a short distance from that of the defendant, had a spark arrester on his engine, and burned from one hundred and fifty to one hundred and seventy-five feet around his own mill. But in the absence of proof that the ordinary usage of the persons in the same business is to have spark arresters on their engines, and to burn the distance stated about the mill, this testimony is of no particular importance. A usage cannot be established by proof of the conduct of a single individual. It must be the uniform practice, and must be known, certain, reasonable and not contrary to law, although it may be of very recent origin. Under the authorities already cited, we consider the doctrine of *Res ipsa loquitus* inapplicable to the case, and we therefore sustain the seventh exception of the plaintiff in error.

The eighth exception filed October 16, 1900, is also sustained. The other exceptions are without merit, and were filed, apparently without considering the effect of the amendment of the Act of 1887 by the Act of 1891.

For the reasons above stated, the judgment of the Magistrate in this case is reversed.

Reported by Walter W. Rice, Esq.,
New Bloomfield, Pa.