## Coatesville v. Davis, Appellant.

*Summary conviction — Voluntary appearance — Waiver of defects — Certiorari.*

A petition for a certiorari, to a mayor sitting as a committing magistrate, will be dismissed, where it appears that the defendant waived the issuance or the service of a warrant by voluntarily attending the mayor's court, and that the record showed a compliance with all the requirements of law.

Argued November 18, 1919. Appeal, No. 132, Oct. T., 1919, by defendant, from judgment of C. P. Chester

County, April T., 1919, No. 16, dismissing petition for certiorari in the case of City of Coatesville v. J. H. Davis. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for certiorari to mayor of Coatesville. Before BUTLER, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*William Tregay,* for appellant.

*Walter E. Greenwood,* City Solicitor, for appellee.

PER CURIAM, February 28, 1920:

In an action of summary conviction brought by the City of Coatesville against the defendant, the transcript from the mayor's docket shows that the charge, was reckless operation of an automobile; and that the proof adduced by an eyewitness, was that a pedestrian was knocked down at a street crossing while the defendant was running his automobile at about 25 miles an hour, without blowing a horn or making any attempt to slacken speed, and that he did not stop after striking the pedestrian. The defendant was present and made no defense. He was found guilty and fined $25. A rule for allowance of a certiorari was granted in the court below on his petition, and after hearing was dismissed. The record shows a compliance with all the requirements of the law. The alleged irregularities in the inception of the proceeding are not material, as the defendant elected to waive the issuance or the service of a warrant by voluntarily attending the hearing before the mayor. The conviction of the defendant in this case was proper, as the undisputed proof evidenced a reckless disregard of

duty in driving his car "at a greater rate of speed than is reasonable under the circumstances," as provided by the city ordinance. The testimony before the mayor sustained the complaint, and, under the act of assembly and the city ordinance, justified the judgment.

The judgment is affirmed.