## Commonwealth v. Cooper.

*Summary conviction — Service of notice and warrant — Appearance — Alderman—Costs.*

1. In a suit brought to recover a fine imposed for violation of section 66 of the Act of May 14, 1909, P. L. 853, relating to plumbing in cities of the third class, any irregularities in the service of the notice and warrant are waived by the appearance of the defendant by her attorney and agent.

2. In a summary conviction, it is only necessary that the substance of the whole testimony should be set forth in the alderman's record.

3. In a summary conviction, it is not important that the record of the alderman should set forth to whom the fine is to be paid. The suit is brought in the name of the Commonwealth. The city in which it is brought is the real plaintiff and the fine is payable to it.

4. An alderman cannot impose costs upon a defendant upon his conviction of an offence for which a fine is provided by statute if the statute is silent as to costs.

5. Costs are exclusively a matter of statutory law and could not be recovered at common law.

*Certiorari* to alderman. Exceptions to return. C. P. Dauphin Co., Jan. T., 1926, No. 82.

*John R. Geyer,* for plaintiff; *S. H. Zimmerman,* for defendant.

WICKERSHAM, J., Dec. 17, 1926.—It appears from the return of the alderman in the above stated case that a suit was brought against the defendant to recover the fine imposed for violation of section 66 and all other relevant sections of the Act of May 14, 1909, P. L. 853, entitled "An act relative to plumbing in cities of the third class." The warrant was served on S. H. Zimmerman, agent for the defendant, who appeared and requested a continuance of the suit. On Jan. 11, 1926, "S. H. Zimmerman, Esq., counsel and agent for defendant, appears and pleads not guilty. S. H. Zimmerman presents petition to have the case continued to a further date to produce witnesses to show that there is no nuisance maintained at the properties mentioned in the above information. Petition overruled by the alderman and the hearing proceeds." It further appears that witnesses were heard and the case further continued. S. H. Zimmerman was sworn for the defence and testified. A copy of the notice to abate the nuisance, dated Oct. 26, 1925, and signed by John M. J. Raunick, Secretary, was mailed to Annie M. Cooper, in care of Samuel H. Zimmerman, agent, No. 412 North Street, Harrisburg. After hearing proofs and allegations, the alderman found that the defendant was guilty and imposed a fine of $20 and costs.

The defendant, by writ of *certiorari,* brought the record into the Court of Common Pleas, and a bond was filed, as required by law, with S. H. Zimmerman, agent, and E. W. Weiss, as sureties.

Commonwealth v. Cooper.

Exceptions were filed by Mr. Zimmerman, attorney for the defendant, which we will now proceed to examine. The first exception complains that "the defendant not being within the county, warrant was served on S. H. Zimmerman, agent of the defendant." The complaint in the fifth exception is similar to that of the first, and we will consider the two together.

In support of the said exceptions counsel for defendant relies upon cases cited in his brief, in which it is uniformly held that a proceeding such as this cannot be maintained unless the defendant has had notice to abate the nuisance about which complaint is made, and that process must be served upon the defendant in order that the magistrate may have jurisdiction: Stedman v. Bradford, 3 Phila. 258. In that case it did not appear upon the face of the record that there had been any service of the summons, and that the defendant was without notice to him of any kind. The same situation existed in Brookfield v. Hill, 1 Phila. 439; and in Dailey v. Bartholomew, 1 Ashmead, 135, it did not appear from the record that the summons was served, and the judgment was rendered without hearing and by default. In that case, however, the judgment was sustained because the writ of certiorari did not issue until more than twenty days after final judgment was rendered.

We think, however, that these two exceptions must be overruled, for the reason that it appears upon the face of the record that S. H. Zimmerman, Esq., appeared for the defendant; that he twice applied for continuance of the case; that he entered an appearance for the defendant, not only as her agent but also as her attorney, and that at a hearing he was sworn and testified in her behalf. It also appears that notice to abate a nuisance existing upon the property of the defendant in violation of section 66 of the Act of May 14, 1909, P. L. 853, was served upon S. H. Zimmerman, agent for the defendant; that after suit was brought to recover the penalty provided for in said act, the warrant of her arrest was served upon S. H. Zimmerman, Esq., agent for the defendant, and that S. H. Zimmerman, as agent and attorney for the defendant, appeared and defended the case. We think, therefore, any irregularities of the service of the notice and warrant have been waived by the appearance of the defendant by her attorney and agent: Com. v. Blair County Jail Warden, 8 Dist. R. 159; that said appearance by the agent and attorney for the defendant, and he having been sworn and having testified in favor of the defendant, cured the said errors, if errors they were: Com. v. Gillingham, 6 Phila. 321. An objection to the jurisdiction of the court, which goes, not to its judicial power, but to the "mode in which the case is brought before it, will not avail the defendant after a general appearance and plea in bar:" Schenley v. Com., for use of the City of Allegheny, 36 Pa. 29; Com. v. Burkhart, 23 Pa. 521; Fraily v. Sparks, 2 Parsons' Select Equity Cases, 232. The first and fifth exceptions are, therefore, dismissed.

We think the second exception, to wit, that no testimony was noted by the alderman, nor by any person for him, at the time of the trial, and that it is too late to try to recall the testimony several months later when making a return to the Court of Common Pleas, is without merit. It is not supported by the facts as they appear upon the record. The substance of the testimony is given by the alderman. It is only necessary that the essential parts or particular substance of the whole testimony should be set forth: Com. v. Borden, 61 Pa. 272, in which case it was said by Mr. Justice Agnew, page 276: "Following this rule, we cannot say that the record is insufficient without requiring a strictness which would defeat most summary convictions. It sets forth the witnesses by name, that they were duly sworn, examined and cross-examined, what their testimony, in substance, was, etc." In that case there

was no testimony offered or produced by the defence; in the instant case, Mr. Zimmerman, acting as agent and attorney for the defendant, was sworn and testified in her behalf. Nor is defendant's reason sustained by Paine v. Godshall et al., 29 Legal Intell. 12; 1 Luz. Leg. Reg. 3. President Judge Harding, of the Common Pleas of Luzerne County, held that the record of the justice of the peace must show "the kind of evidence—not the evidence at large," adduced to support the record. The second exception is, therefore, dismissed.

The third and fourth exceptions complain that the alderman has not fully stated the motion of defendant's counsel, which was "to show by witnesses that the toilets complained of were constructed prior to the passage of the Act of May 14, 1909, P. L. 840, and were not of faulty construction and were not a nuisance." The fourth exception further complains that the defendant was not permitted to show that the toilets were constructed prior to the passage of the Act of 1909 and were not faulty in construction. These allegations are not sustained by the record. They further overlook the fact that the issue being tried was whether or not the toilets about which complaint was made were a nuisance. The record shows (a) the complaint was that the defendant "wilfully and unlawfully did refuse to obey notice sent by order of the Board of Health and Sanitation of the city aforesaid, by not installing some type of water-flush toilets, with proper traps and vents, thereby avoiding a nuisance, contrary to the general Act of Assembly approved May 14, 1909;" (b) that at the first hearing held Jan. 4, 1926, Mr. Zimmerman, agent for the defendant, appeared and requested a continuance until Jan. 11th, which was granted; (c) that at the hearing Jan. 11th, Mr. Zimmerman appeared as counsel and agent for the defendant and put in a plea of "not guilty," and presented the motion about which he complains. He asked for a further continuance to produce witnesses to show that there is no nuisance. This petition was overruled and testimony was heard. Mr. Zimmerman was sworn and testified, under oath, "that these toilets in question are not nuisances." He did not deny that he received a notice from the Board of Health and Sanitation, but asked "that the Commonwealth prove its case." It thus appears that he had the opportunity to testify that the toilets were constructed prior to the passage of the Act of 1909 and that the construction was not faulty. The case was again continued to Jan. 13th, at which further testimony was taken, showing that a notice was served upon the defendant in care of her attorney, Mr. Zimmerman, a copy of which appears in the record. This notice complains that the toilets upon the premises were "offensive and inadequate to prevent resulting a nuisance." It thus appears that the issue being tried was whether or not the toilets upon the premises of the defendant were so constructed and used as to create a nuisance. The defendant's attorney again, at this hearing, had an opportunity to offer testimony in support of his contention, to which we have just referred. We fail to understand that the defendant now has any grounds upon which to complain. The third and fourth exceptions must, therefore, be dismissed.

The sixth exception must also be dismissed. It complains that the record does not set forth the ordinance "with which the defendant is charged with violating." This was a proceeding to collect a penalty provided by the Act of May 14, 1909. The suit was not brought to enforce an ordinance of the City of Harrisburg.

The seventh exception must also be dismissed. It is not important that the record should set forth to whom the fine was to be paid. The suit is brought in the name of the Commonwealth; the City of Harrisburg is the real plain-

tiff. The fine, therefore, is payable to the City of Harrisburg, and the costs necessarily follow the suit.

We think the eighth exception must be sustained. Section 71 of the Act of May 14, 1909, P. L. 854, 855, provides that "any person or persons who shall . . . violate any of the rules, regulations or requirements set forth in this act regarding the construction, reconstruction or testing of plumbing, house drainage, or cesspools, shall be liable for every such offence to a fine of not less than $10 nor more than $50." The second paragraph of said section 71 provides that all fines and penalties imposed by the act shall be recoverable by summary proceedings, etc. It will be observed that no provision is made in the act for the payment of costs. We think, therefore, that part of the judgment of the alderman which imposes costs upon the defendant cannot be sustained. Com. v. Barnhart, 22 Dist. R. 246, in which it was held a justice cannot impose costs upon a defendant upon his conviction of an offence for which a fine is provided by statute which is silent as to costs. In that case the defendant pleaded guilty to the offence charged in the 24th section of the said Act of May 14, 1909, which we now have under consideration. The defendant was sentenced by the justice to pay $10 fine and the costs. He paid the fine, but took a *certiorari* to test the question whether he should be compelled to pay the costs so imposed. The learned president judge, quoting from Wadlinger on Costs, § 102, page 236, and Brightly on Costs, 131, reached the conclusion that costs are exclusively a matter of statutory law and could not be recovered at common law. With this conclusion we are in accord. It is supported by numerous authorities in addition to those cited by Judge Patton. The judgment of the alderman must, therefore, be modified; he had no authority under the statute to impose costs, and the defendant is not required to pay so much of the judgment as imposed costs upon him.

The eighth exception is sustained. All other exceptions are dismissed, and the judgment of the alderman imposing a fine is affirmed. That part of the judgment imposing costs is reversed.

From Homer L. Kreider, Harrisburg, Pa.