## Commonwealth v. Kline

M. J. *Morgan*, for Commonwealth.

D. M. *Garrahan*, for defendant.

HENNINGER, P. J., June 7, 1954.—On March 3, 1954, Officer William Fenstermaker of the police force of the City of Allentown swore out an information against Carroll W. Kline charging him with having driven a motor vehicle while under the influence of liquor on January 30, 1954. A warrant was issued directed to Robert E. Koch, constable, who arrested Kline on March 25, 1954. A hearing was held on April 1, 1954, before Alderman Richard C. Snyder, who, after Kline pleaded not guilty, found that a prima facie case had been made out and bound Kline over for court, whereupon Kline entered bail for his appearance at the next sessions of the Court of Quarter Sessions of Lehigh County.

On April 7, 1954, defendant applied for a writ of certiorari and a rule was granted to show cause why such writ should not issue. In response to this rule, the alderman turned over to the court all papers and a transcript of his docket and the district attorney·

on behalf of the alderman answered the rule, which has now come before the court on argument.

The gist of the action is that defendant Kline contends that, in violation of section 1203 (a) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §733, he was not served with a copy of the information, to which the Commonwealth answers that the transcript does not show that such copy was not furnished and that the proceedings are not now subject to attack whether or not such copy was furnished.

Section 1203 (a) of The Vehicle Code provides as follows:

"(a) Peace officers, when in uniform and displaying a badge or other sign of authority, may arrest, upon view, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person, and such peace officers shall forthwith make and file with the magistrate, before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested."

We gravely doubt the applicability of a writ of certiorari to the present situation. The binding over for court by a justice of the peace is not a final judgment but merely a preliminary step in criminal procedure as it relates to misdemeanors and felonies. For the reasons hereinafter stated, however, we need not delve into that complex problem.

There are at least two reasons why defendant cannot succeed.

1. The transcript, exhibited to the court, and to which exceptions would have to be filed were the writ allowed, shows that the present prosecution was not an arrest on view but one made on a warrant issued over a month after the incident giving rise to the prosecution. It is true that defendant's petition alleges

that he was arrested on January 30, 1954, and the answer admits that fact, which we may accept as true, but the proceedings which would come to us on certiorari are not based upon any such arrest, but on one made on March 25, 1954, on which date defendant gave bail for a preliminary hearing.

Defendant has shown us no authority for holding that in an arrest for misdemeanor except as specially provided for by statute, a copy of the information must be served upon defendant. We need not speculate why The Vehicle Code requires service of a copy of the information, but the requirement is purely statutory, and is required only upon an arrest on view.

Arrest on view is an added right under The Vehicle Code, which specifically reserves the normal procedure for arrest for any misdemeanor or felony that may be committed in violation of the code: Sections 1201(b) and 1202(b) of The Vehicle Code, 75 PS §§731 and 732.

2. By pleading not guilty, having a preliminary hearing and entering bail for court, defendant waived any remedy he might have had, had the arrest been on view without the furnishing of a copy of the information. Defendant cites Commonwealth v. Horrocks, 9 D. & C. 519, whose broad language would seem to sustain his position. A reading of the case shows, however, that not only was no copy furnished defendant but no information was ever filed and therefore there was no charge pending upon which an indictment could be based. Nor does the report show how the question was raised in that case.

In Coatesville v. Davis, 73 Pa. Superior Ct. 325, 326, it was held:

". . . irregularities in the inception of the proceeding are not material, as the defendant elected to waive the issuance or the service of a warrant by voluntarily attending the hearing before the mayor."

The same ruling was made in a case involving a mis-

demeanor in Commonwealth v. Wideman, 150 Pa. Superior Ct. 524, 525:

"The purpose of the provision in section 1203(a) of the amended Vehicle Code is to give a defendant prompt notice of the charge on which he was arrested. Accordingly if the provisions of the Act, as respects the making of an information or complaint by the arresting officer and the furnishing of a copy of it to the defendant are not complied with, the defendant can secure his release by writ of habeas corpus. See Com. v. Gates, 98 Pa. Superior Ct. 591, 593; Com. ex rel. Torrey v. Ketner, 92 Pa. 372; or by proceeding to be discharged from custody: Com. v. Brennan, 193 Pa. 567, 569, 44 A. 498; Com. v. Hans, 68 Pa. Superior Ct. 275, 277; Com. v. Keegan, 70 Pa. Superior Ct. 436, 438. Instead of taking this course, the defendant, following a hearing before the magistrate and his being held for court, and the finding of a true bill of indictment for operating a motor vehicle while under the influence of intoxicating liquor—based on the magistrate's transcript—which gave him full information of the offense with which he was charged, entered bail for his appearance in court to answer said indictment, and he was accordingly discharged from custody.

"The entry of bail in the circumstances was a waiver of the previous defects in the proceedings before the magistrate: Com. v. Dingman, 26 Pa. Superior Ct. 615, 619; Com. v. Keegan, 70 Pa. Sup. Ct. 436, 438; Stallings v. Splain, 253 U. S. 339, 343; Com. v. Mazarella, 86 Pa. Superior Ct. 382, 384; Com. v. Gates, 98 Pa. Superior Ct. 591, 594."

Since defendant was not in custody, the remedies mentioned were not open to him. He nevertheless seeks to avoid the effect of Commonwealth v. Wideman because (1) the language quoted is obiter dictum and so it is, and (2) the application to quash the arrest and discharge defendant in that case was made after in-

dictment found, whereas here it is made before indictment found.

We have had occasion heretofore (In re Gaal Appeal, 57 D. & C. 102) to consider the obiter dicta of appellate courts. Where it is a deliberate pronouncement by a distinguished court through a distinguished member thereof upon a point raised and argued and obviously intended to be an ex cathedra statement and not merely upon a collateral question or by way of argument or illustration, an obiter dictum is entitled to great weight and should not be lightly disregarded. We so consider the dictum in the Wideman case.

We presume that, as stated in the Wideman case, the application for discharge was made after indictment found and it must be conceded that in every case that has come to our attention the objection to arrest procedure was raised after indictment found and hence held too late. On the other hand, we have found no cases where a defendant was released from bail and discharged for mere procedural defects in his arrest or in proceedings before a justice of the peace.

The finding of a bill of indictment is truly an important step in a criminal prosecution, because regardless of any preceding step it is a finding of a prima facia case against a defendant and can itself initiate such proceedings, but we do not consider it as a determining factor in the matter before us.

As stated in the Wideman case, supra, the purpose of the furnishing of a copy of the information is to inform defendant of the nature of the charge against him and to forestall any change of front between arrest and hearing. When, therefore, there has been a plea of not guilty and a preliminary hearing and bail entered for court, a defendant will not be heard to say that he has suffered by failure to follow the procedure prescribed upon arrest or that he does not know with what crime he is being charged.

If this were a jurisdictional problem, it could be raised at any time (Commonwealth et al. v. Germsback, 167 Pa. Superior Ct. 106, 110; Commonwealth v. Connor, 50 D. & C. 488, 490). In the case of Commonwealth of Pennsylvania v. Hunter, 107 Pa. Superior Ct. 513, 515, however, it was held that the matter could not be raised upon appeal in a summary conviction, under the very similar language of section 1202(c) of The Vehicle Code, 75 PS §732. It follows, therefore, that the Superior Court considered that furnishing a copy of the information was not essential to the jurisdiction of the justice.

It ought to be said that, while the Superior Court held in the Hunter case that the only remedy was by certiorari rather than by appeal or by the waiving of a hearing, they held out little hope for success, for they stated through their distinguished former President Judge Trexler (p. 515):

"The transcript is the foundation of the proceedings in the quarter sessions, and is the only record we have before us. Whether the peace officer failed to file an information as required by the act does not affirmatively appear. One may have been filed. The transcript shows affirmatively that no constitutional right of the defendant was infringed 'that he was informed as to the nature and cause of the accusation against him,' Com. v. Burkhardt, 23 Pa. 521, and pleaded 'not guilty,' with a direct reference to the particular section of the act, which he was accused of violating."

Furthermore, since the Hunter case was a summary conviction, certiorari was not advised before judgment which is what defendant is here attempting.

We are not condoning evasion of the provisions of The Vehicle Code by this opinion. We are simply stating that those provisions are inapplicable to the arrest in this case and that defendant has waived his right to attack any such evasion even if it has occurred. We further believe he has used the remedy

of certiorari prematurely and the fact that there will never be an opportunity for its employment does not alter that belief.

Now, June 7, 1954, the rule to show cause why a certiorari should not issue in the above-captioned action is discharged and it is ordered that the prosecution proceed according to law. Costs are to be paid by defendant.