## Commonwealth v. Bardonnex

*Elmer D. Christine,* for Commonwealth.
*Maxwell H. Cohen,* for defendant.

DAVIS, P. J., January 21, 1955.—This matter comes before the court on certiorari. Defendant was convicted of the summary offense of trespass before a justice of the peace.

The exceptions relied on by defendant are as follows:

"2. That the information filed with said justice was defective and invalid in that it charges the petitioner with the violation of a statute, which statute is either repealed and no longer the law of the land or does not fit the alleged crime charged.

"3. That the information filed with said justice was defective and invalid in that it does not otherwise set forth the material elements of the summary offense of trespass.

"4. That the information filed with the said justice was defective and invalid and contrary to article 5, section 23 of Pennsylvania, in that it does not conclude, '. . . against the peace and dignity of the Commonwealth of Pennsylvania.'

"5. That the evidence set forth in the transcript of record filed with the said justice is insufficient to sustain a conviction for any criminal act."

Exceptions numbered 2, 4 and 5 are without merit. The information in this type of offense need not state the statute under which the action is instituted; therefore, an error involving a matter that is surplusage is not fatal.

Defendant cites no decisions to sustain his position that the information must conclude with the words "against the peace and dignity of the Commonwealth of Pennsylvania". It has not been the practice in this county to require it. We do not believe it is essential.

"A view, widely held and widely sanctioned by usage, is that the requirement applies only to indictments. This clause as it appeared originally in the constitution of 1776 (Art. 2, sec. 27), read 'and all the indictments shall conclude with these words, *against the peace and dignity of the same.*' The word was changed to 'prosecutions' in the constitution of 1790. In the constitution of 1838 (Art. V, s. 11) the word remained 'prosecutions.' The discussion of sec. 23, preceding the Report of Commissioners, December 15, 1920, proposes that the reading be 'indictments' shall conclude. The reason given was 'that what is really intended is that indictments shall so conclude'": Carringer, Procedure in Summary Convictions in Pennsylvania, 2nd ed., pages 39, 40.

Although the evidence set forth in the transcript is very brief we believe it is sufficient to sustain a proper information. The evidence discloses the owner of the land, the fact that it was posted, and that defendant

knowingly committed an unlawful trespass thereon. An unlawful act knowingly committed is the equivalent of a willful act.

The third exception is more serious. The information sets forth that the acts complained of are contrary to the Act of April 1, 1905, P. L. 169. This act has been repealed. The transcript discloses that the real offense involved was "Trespass on Posted Land." The Act of June 24, 1939, P. L. 872, sec. 954, as amended, 18 PS §4954, provides as follows:

"Whoever wilfully enters upon any land, which the owner, lessee, or occupant has caused to be prominently posted with printed notices that the said land is private property, and warning all persons from trespassing thereon, under the penalties provided in this section, shall, upon conviction thereof in a summary proceeding, be sentenced. . . ."

The posting of the land is a condition precedent to the commission of the offense. Willful entry on land not posted does not constitute a summary offense. The information is entirely silent regarding this essential element, as well as the element of willful entry. That an information is required to set forth the essential elements of the offense is well established: Commonwealth v. Gelbert, 170 Pa. 426.

The district attorney cites and stresses Commonwealth v. Burkhart, 23 Pa. 521, which provides in part as follows:

"The Courts are no longer astute in discovering defects in such proceedings: 2 T. Rep. 23; and when the charge in the complaint and summons is so specific as to give the defendant fair notice of the substance, time, and place of the offence charged, as is done here, it ought to be regarded as sufficient. And where the defendant appears and goes to trial, without any objection to the complaint and summons on account

of indefiniteness, such a defect ought to be considered as cured: 3 Burrows 1785; 1 East 649.

"We must judge of the validity of this conviction by what appears on its face; 5 T. Rep. 338; 6 Id. 538; taking the magistrate's judgment on the weight of the evidence, 6 Id. 177, 375; 8 Id. 588; and going by this rule, we find *a definite offence charged,* the appearance of the defendant to answer it, a trial in his presence, evidence of the facts that constitute the offence, and an adjudication that the defendant is guilty of the offence as charged, and has incurred a defined penalty, being the one authorized by law, and we must allow the conviction to be enforced." (Italics supplied.)

In our opinion, the case at bar does not fall within the doctrine of this case due to the failure of the information to charge a definite offense under the statute.

The question remains, should a writ of restitution issue? Restitution is not a matter of right but of grace and rests in the sound discretion of the court: Leffingwell et al. v. City of Wilkes-Barre, 4 Kulp 494. Restitution should not be ordered unless it is plain that defendant was unjustly fined: City of Allentown v. Reinhard, 2 Lehigh 154. The judgment will be set aside on purely technical grounds. An examination of the record convinces us that at the time of hearing defendant knew of the offense with which he was charged and a proper hearing was held, defendant testifying in his own behalf. As the matter is before us it appears that it is an attempt of a defendant to escape by reason of the technical errors of the justice of the peace. It is not the type of situation that should move a court to exercise its discretion and issue a writ of restitution: City of Bethlehem v. Durning, 1 D. & C. 92; Commonwealth v. Williamson, 84 D. & C. 342.

And now, January 21, 1955, the judgment of conviction is set aside and writ of restitution denied.