# Commonwealth, Appellant, *v.* Reinsel.

*Appeals—Interlocutory order—Constable's return—Process—Quashing appeal.*

In the absence of a statute authorizing it, no appeal can be taken from a judgment or order which is not a final disposition of the matter in controversy.

The court of quarter sessions is not bound to issue process upon a constable's return to bring in a person charged with violation of the liquor laws, or, in default of bail, to commit him to prison. Such action is within the discretion of the court, and a very plain case of the abuse of its discretion ought to be exhibited by the record to warrant an appeal. If the court has granted such an order, but upon mature consideration, and before indictment found, discharges the accused, the court cannot be convicted of reversible error.

Argued May 6, 1907.    Appeal, No. 212, April T., 1907, by plaintiff, from order of Q. S. Clarion Co., May T., 1907, No. 1, quashing constable's return in case of Commonwealth v. P. M. Reinsel.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Appeal quashed.

Motion to quash constable's return.    Before WILSON, P. J.

From the record it appeared that on February 25, 1907, C. H. Buzzard, constable of Redbank township, at the regular term of the court of quarter sessions of Clarion county, in his official return, inter alia, in answer to the twenty-sixth question, " Any other violation of law? " answered and made return, " Yes, see notice hereto attached," which notice attached and made part of said official return is as follows :

"NEW MAYVILLE, PA., Dec. 27, 1906.

" Mr. Judge Wilson

" P M Reinsel is selling wine by the gal and by the pint and quart to ho ever calles for it and to hotel men and I can prove it.

" Yours Truly

" G. N. REINSEL.

" he sold to James Shofestall of newmayville and Billy Martin of Fairmount City and Curt Brown, Clarence Reinsel, Blace Crate "

266    COMMONWEALTH, Appellant, *v.* REINSEL.

Statement of Facts—Opinion of the Court. [34 Pa. Superior Ct.

On March 14, 1907, the district attorney by written motion, setting forth verbatim the said return of the constable, asked leave of court to send up a bill of indictment to the next grand jury against P. M. Reinsel on the foregoing constable's return, which motion was granted.

On March 6, 1907, process was issued and the defendant taken into custody. On March 26, 1907, the court on motion of counsel for the defendant quashed the constable's return and discharged the defendant, by an order indorsed on said motion to quash, which order is as follows : " March 26, 1907, the constable's return is quashed and the defendant is discharged. By the Court. H. R. WILSON, P. J." To this order the commonwealth excepted and bill was sealed.

*Error assigned* was the order of the court.

*Wm. J. Geary,* for appellant.—The return was sufficient to support an indictment: McCullough v. Com., 67 Pa. 30 ; Com. v. Bredin, 165 Pa. 224 ; Com. v. New Bethlehem, 15 Pa. Superior Ct. 158 ; Com. v. Mahoning Powder Co., 14 Pa. Dist. Rep. 481 ; Com. v. Keenan, 67 Pa. 203.

*George F. Whitmer,* for appellee.—The complaint must be made upon probable cause, and the information should set out the time of the commission of the offense and place of commission and should describe the offense as nearly as may be in the words of the act of assembly violated : Com. v. Schoenhutt, 3 Phila. 20 ; Com. v. Frank, 7 Pa. Dist. Rep. 143 ; Conner v. Com., 3 Binn. 38 ; Com. v. Pfaff, 17 Pa. C. C. Rep. 302 ; Rowand v. Com., 82 Pa. 405 ; Com. v. English, 11 Phila. 439.

PER CURIAM, October 7, 1907 :

In the absence of a statute authorizing it, no appeal can be taken from a judgment or order which is not a final disposition of the matter in controversy, and it might be claimed with some plausibility that as the order permitting the district attorney to send a bill before the grand jury has not been formally revoked this appeal is premature. But, apart from that consideration, the appeal must be dismissed. Conceding the power of the quarter sessions, before indictment found, to is-

sue process upon a constable's return to bring in the person charged with violation of the liquor laws, the court is not bound to award such process, or to hold the accused to bail, or, in default of bail, to commit him to prison, no matter how informal, ambiguous or lacking in certainty the return may be. The question of the formality and certainty that will be required in a constable's return, before proceeding in this summary way, is addressed in the first instance to the sound judgment and discretion of the quarter sessions, and a very plain case of abuse of its discretion ought to be exhibited by the record in order to warrant an appeal. We cannot say that such a case is presented by this record. And if the court in the exercise of a sound discretion could have refused the motion for process on the return, it was not reversible error to discharge the accused—no indictment having been found in the meantime—if upon more mature consideration it was the court's conclusion that the process ought not to have been awarded.

The appeal is quashed.