## Commonwealth *v.* Mazarella, Appellant.

*Intoxicating liquors—Possession—Transportation—Quashing indictment—Prejudicial remarks—Complaint—Act of March 27, 1923—Evidence.*

A motion to quash an indictment on the ground that it lacked the support of a complaint before a magistrate, was properly overruled where it was shown that the defendant entered into recognizance to appear in Court to answer the charge preferred.

In a trial on an indictment for possessing and transporting intoxicating liquor, a remark by the District Attorney that "As yet no American has ever gone upon the witness stand and defended himself on a charge of this kind this week" is not obviously prejudicial.

Under the provisions of Section 13 of the Act of March 27, 1923, P. L. 34, it is not necessary that the complaint charge that the liquor was to be used for beverage purposes.

Where, in the trial of an indictment for possession and transporting intoxicating liquor, two witnesses described the liquid found in the possession of the defendant as whiskey and part of it was exhibited to the jury for their examination, there was sufficient evidence to support the conclusion that the liquid was intoxicating liquor.

Argued October 22, 1925. Appeal No. 40, April T., 1926, by defendant from the verdict and sentence of Q. S. Indiana County, No. 97 March Sessions 1925, upon a verdict of guilty in the case of Commonwealth of Pennsylvania v. Ernest Mazarella. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment under the Act of March 27, 1923, P. L. 34, charging the unlawful possession and transportation of intoxicating liquor. Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment and sentence was passed. Defendant appealed.

*Errors assigned,* among others, were refusal of defendant's motion to quash the indictment, and to direct a verdict in favor of defendant.

*Charles Margiotti* and with him, *W. M. Gillispie, S. C. Pugliese* and *B. A. Sciotto,* for appellant.—The warrant must be supported by information: Article 1, Section 8 of the Constitution of Penna., Meyers v. Nell, 84 Pa. 369.

The remarks of counsel were improper: Lopresti v. Sulkin, 49 Pa. S. C. 417; Carothers v. Pittsburgh Railway Co., 229 Pa. 558; Holden v. Pennsylvania Railroad, 169 Pa. 1; Kelly v. Scranton Railway Co., 270 Pa. 77; Dannals v. Sylvania Township, 255 Pa. 156; Schroth et ux. v. Philadelphia R. T. Co., 280 Pa. 36; Becker v. Philadelphia R. T. Co., 245 Pa. 462.

*L. E. Miller,* District Attorney, for appellee.—The District Attorney, or prosecuting attorney, has a right to make reply to remarks made in argument by counsel for defendant or based upon what the jury had observed or upon the evidence: Commonwealth v. Nicoletti & Esposito, 82 P. S. C. 395; Commonwealth v. Bubnis, 197 Pa. St. 542.

An indictment is valid which is based on information that does not state that the liquor was for beverage purposes: Commonwealth v. Amato, 82 Pa. S. C. 149; Commonwealth v. Berryman, 72 Pa. S. C. 479; Commonwealth v. Finch, 80 Pa. S. C. 386; Commonwealth v. New Bethlehem Boro., 15 Pa. S. C. 158.

OPINION BY HENDERSON, J., December 14, 1925:

The defendant was convicted of possessing and transporting intoxicating liquor. The assignments relate to the validity of the indictment; to the refusal of the court to admit evidence of a remark made by a by-stander when the sheriff was taking the defendant to jail; to the refusal of the court to withdraw a juror because of a remark made by the district attorney in his address to the jury; to the refusal of the court to direct a verdict for the defendant because it was not proved that the thing seized was intoxicating liquor,

or that it was intended to be used for beverage purposes. The objection made to the indictment is that it was not supported by a complaint. It appears from the record that the sheriff preferred a charge under oath before a magistrate against the defendant who was arrested and appeared at the time fixed for a hearing, but the prosecutor for some reason was not present at that time, whereupon defendant was discharged. The next day a second warrant was issued on the same complaint, on which the defendant was again arrested and on hearing was held to bail for his appearance at court. It is now contended that on this state of facts the indictment should have been quashed for the reason that it lacked the support of a complaint before a magistrate. No authorities have been cited in support of the position taken and no sufficient reason suggested why the complaint lodged with the magistrate might not be the basis for the second warrant. There was no hearing on the first warrant, no evidence was offered and there is no pretense that a trial was had. Moreover, the defendant instead of questioning his arrest entered into his recognizance to appear in the Court of Quarter Sessions to answer the charge preferred. It is now too late to question the validity of the indictment: Commonwealth v. Brennan, 193 Pa. 567; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615. The court very properly, therefore, overruled the motion to quash.

The second assignment relates to a matter immaterial in the case and, therefore, the offer of evidence was correctly refused.

The principal part of appellant's argument is directed to the objectionable remark attributed to the district attorney, the language used being "as yet no American has ever gone upon the witness stand and defended himself on a charge of this kind this week." The significance of this excerpt could only be understood by reference to its context and that nowhere ap-

pears on the record. The language quoted is not on its face obviously prejudicial to the defendant and without more information than the assignment discloses we cannot say that the court was in error in refusing to withdraw a juror. The remark may have been made in reply to something said by counsel for the Commonwealth in his address to the jury and may not have been inappropriate, but if, as claimed, the remark was improper the court directed the jury to disregard any statement of that kind in their deliberations. Generally the withdrawal of a juror is a matter of discretion on the part of the trial judge and there is nothing in the remarks excepted to which should induce us to hold that the court was guilty of an abuse of discretion in refusing defendant's motion to withdraw.

It is not necessary that the complaint charge that the liquor was to be used for beverage purposes. The 13th section of the Act of March 27, 1923, provides that when proof has been offered of the transportation or possession of intoxicating liquor that fact shall be prima facie evidence that it was manufactured, transported, possessed or exported for beverage purposes and the burden is on the defendant to assert and prove the contrary: Commonwealth v. Amato, 82 Pa. Superior Ct. 149.

There was sufficient proof that the liquid found in the possession of the defendant was intoxicating liquor. It was described by two witnesses as whiskey and a part of it was exhibited to the jury for their examination. Their conclusion is supported, therefore, by sufficient evidence; whiskey is a well known intoxicant. The statement of the defendant to the sheriff appearing in the charge of the court, "Sheriff, you have got me now. I am ruined if you take my car. I will do anything if you let me loose" is in a measure corroborative of the evidence as to the character of the contents of the packages taken from the defend-

ant. The objections to the conviction are not sufficient to warrant a reversal.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.