Commonwealth *v.* Wideman, Appellant.

Argued October 26, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Joseph W. McEnery,* with him *William C. A. Henry,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY KELLER, P. J., November 18, 1942:

Appellant was indicted on the charge of operating a motor vehicle while under the influence of intoxicating liquor. He entered bail conditioned for his appearance in court to answer the charge. While out on bail and before being called for trial he presented his petition asking the court "to enter a decree quashing the arrest and proceedings before the magistrate, ordering the indictment withdrawn and discharging the defendant." The prayer of the petition was based on an averment that at the time of the defendant's hearing before the magistrate no information had been filed by the officer who arrested him on view, nor copy of the same furnished him, as provided by section 1203(a) of the Vehicle Code of 1929, as amended by Act of June 22, 1931, P. L. 751, sec. 2. See 75 PS §733(a).

The court below, after full hearing, dismissed the petition. Defendant appealed. The appeal will be quashed.

While provision is made by the Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 33, for the removal of indictments and all proceedings thereon from the court of quarter sessions to the Supreme Court, "by a writ of certiorari or a writ of error, as the case may require", and the proviso requiring special allowance of such writ by the Supreme Court or one of the justices thereof, upon sufficient cause to it or him shown, has been repealed by the Act of May 19, 1897, P. L. 67, sec. 22, our Supreme Court has ruled that "orders overruling demurrers and refusing to quash [indictments] are merely interlocutory, and no appeal therefrom, to any court, lies until after conviction and sentence. In case of acquittal there will be no necessity for an ap-

peal": *Petition of M. S. Quay,* 189 Pa. 517, 542, 42 A. 199.[1]

The act creating this court and conferring jurisdiction on it in appeals in criminal cases, (Act of June 24, 1895, P. L. 212), gave to this court exclusive and final appellate jurisdiction of all appeals theretofore allowed to the Supreme Court, in (a) all proceedings of any kind in the court of quarter sessions of the peace, (b) all proceedings of any kind in the court of oyer and terminer and general jail delivery, except cases of felonious homicide, which shall be appealed directly to the Supreme Court. But no authority was thereby given this court to review appeals from interlocutory orders, which were not prior thereto appealable to the Supreme Court. Hence in *Com. v. Kephart,* 80 Pa. Superior Ct. 315,[2] we held that an order of the court of quarter sessions refusing to quash an indictment was interlocutory and not appealable until after conviction and sentence. The order appealed from in this case is no more final than an order refusing to quash an indictment.

We have, however, considered the merits and are of opinion that the petition was rightly dismissed.

The purpose of the provision in section 1203(a) of the amended Vehicle Code is to give a defendant prompt notice of the charge on which he was arrested. Accordingly if the provisions of the Act, as respects the making of an information or complaint by the arresting officer and the furnishing of a copy of it to the defendant are not complied with, the defendant can secure his release by writ of habeas corpus. See *Com. v. Gates,* 98 Pa. Superior Ct. 591, 593; *Com. ex rel.*

---

[1] See also, *Miles v. Rempublicam,* 4 Yeates 319; *Marsh v. Com.,* 16 S. & R. 319; *Com. v. Ruth,* 104 Pa. 294; *Com. v. Filer,* 249 Pa. 171, 94 A. 822.

[2] See also *Com. v. Gates,* 98 Pa. Superior Ct. 591; *Com. v. Reinsel,* 34 Pa. Superior Ct. 265.

*Torrey v. Ketner*, 92 Pa. 372; or by proceeding to be discharged from custody: *Com. v. Brennan*, 193 Pa. 567, 569, 44 A. 498; *Com. v. Hans*, 68 Pa. Superior Ct. 275, 277; *Com. v. Keegan*, 70 Pa. Superior Ct. 436, 438. Instead of taking this course, the defendant, following a hearing before the magistrate and his being held for court, and the finding of a true bill of indictment for operating a motor vehicle while under the influence of intoxicating liquor—based on the magistrate's transcript—which gave him full information of the offense with which he was charged, entered bail for his appearance in court to answer said indictment, and he was accordingly discharged from custody.

The entry of bail in the circumstances was a waiver of the previous defects in the proceedings before the magistrate: *Com. v. Dingman*, 26 Pa. Superior Ct. 615, 619; *Com. v. Keegan*, 70 Pa. Superior Ct. 436, 438; *Stallings v. Splain*, 253 U. S. 339, 343; *Com. v. Mazarella*, 86 Pa. Superior Ct. 382, 384; *Com. v. Gates*, 98 Pa. Superior Ct. 591, 594.

The appeal is quashed.