## Commonwealth v. Caruso

*William J. McKnight, 3rd,* for Commonwealth.

*Gleason, Cherry & Cherry,* and *John L. Poyer,* for defendant.

MOOK, P. J. (30th Judicial District, Specially Presiding), July 18, 1963.—Defendant was arrested on March 4, 1961, by Trooper Donald P. Hughes of the Pennsylvania State Police on a charge of operating a motor vehicle while under the influence of intoxicating liquor. The arrest took place in Bell Township, but

defendant was taken before a justice of the peace in the Borough of Punxatawney. Defendant immediately posted bail for a hearing which was ultimately held on April 24, 1961, following three continuances at request of counsel for defendant. Defendant appeared at the hearing with his counsel and, at least so far as the justice's transcript shows, raised no objection to the jurisdiction. Following the hearing, defendant was held for the next session of criminal court and again he posted bail for his appearance before the court. A true bill was returned by the grand jury on August 28, 1961.

We don't know when the case was first listed for trial, but the next thing that appears of record is a motion for a continuance of the trial filed by John L. Poyer, defendant's present counsel, on the grounds that a necessary witness for defendant was unavailable at the February term, 1962. This motion was granted by the court.

Thereafter on November 1, 1962, attorney Andrew J. Gleason filed a motion with the court for another continuance averring that he had been retained as counsel for defendant and that due to illness he was unable to participate in a trial, whereupon the court continued the case again.

Thereafter on January 7, 1963, defendant filed this motion to quash the indictment on the sole ground that the information was not filed before the nearest available justice of the peace. The motion alleges that the arrest took place in Bell Township while the complaint was filed before Justice Gearhart of Punxatawney when there was a justice available in the town of Big Run, whose office is more than two miles nearer than the justice before whom the information was filed. Since there was no justice of the peace in Bell Township, defendant contends that it was incumbent upon

the officer to file the complaint before the nearest available justice of the peace which was in the town of Big Run. To this motion the district attorney filed an answer admitting the averments of fact in the motion.

In support of his motion defendant relies upon section 1214 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1214. This section provides:

"Such employes of the Commonwealth as are designated as Pennsylvania State Policemen are hereby declared to be peace officers, and are hereby given police power and authority throughout the Commonwealth in addition to any other power or authority conferred by law to arrest on view, on Sunday or any other day, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this act.

"Whenever an arrest is made upon view, on Sunday or any other day, under the provisions of this section, the officer making the arrest shall forthwith take the defendant before the nearest available magistrate in the city, borough, incorporated town or township, where the alleged offense occurred: Provided, however, . . . if there is no magistrate available in such district, then the officer shall forthwith take the defendant to the nearest available magistrate in any adjoining city, borough, incorporated town or township, and shall make and file with the magistrate before whom the arrested person is taken, an information setting forth in detail the offense, and at once furnish a copy thereof to the person arrested."

If this section were the only provision in The Vehicle Code concerning the procedure to be followed for violations of the code, it would seem that defendant's argument would be tenable, but sections 1201 and 1202 both provide that where the offense is designated a

felony or misdemeanor, information may be filed as now provided by law.

Section 1201(a) first outlines the procedure to be followed in the summary provisions of the act providing, with certain exceptions, that the information shall be filed before the nearest available magistrate, whereas subsection (b) simply provides as indicated above:

"Where the offense committed is designated a felony or misdemeanor, information may be filed as now provided by law."

The same provision reappears in subsection (b) of section 1202 with the addition that the warrant may be served as now provided by law.

Thus it seems clear to us that it was the obvious intent of the legislature to limit the requirement that the information be filed before the nearest available magistrate to summary cases.

While paragraph 2 of section 1214 seems to be all inclusive since it uses the words: "Whenever an arrest is made upon view, on Sunday or any other day, under the provisions of this section, the officer making the arrest shall take the defendant before the nearest available magistrate," etc., this section must be read in the light of the provisions of the entire code and particularly sections 1201 and 1202 which exclude felonies and misdemeanors from the procedural provisions of those sections. Any other construction would produce results which are absurd and unreasonable. For example, section 1214 applies only to Pennsylvania State Policemen; there can be no doubt about that and the second paragraph applies only to arrests under this section. If we adopt the arguments advanced by defendant, it would follow that when a State policeman makes an arrest on view for a felony or misdemeanor he must immediately take the accused before the nearest available justice of the peace but if the arrest

should be made by a sheriff, county detective, constable or municipal police, then this section would not apply and such officers could take the accused before any magistrate within the county.

The Statutory Construction Act of May 28, 1937, P. L. 1019, article IV, sec. 52, 46 PS §552, provides:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable;

"(2) That the Legislature intends the entire statute to be effective and certain; . . .

"(5) That the Legislature intends to favor the public interest as against any private interest."

To say that State policemen are required to proceed under section 1214 in all arrests while other police officers are free to proceed under 1201 and 1202 in cases of felonies and misdemeanors creates a result which is absurd and unreasonable. There is absolutely no reason for so limiting the power of State policemen who are better trained and more efficient in conducting investigations and prosecutions than many part time borough or township officers.

The third paragraph of section 1214 provides that any person so arrested shall have the opportunity of an immediate hearing. Anyone who knows anything about criminal procedure knows that it is not always possible to have an immediate hearing in felony or misdemeanor cases. Suppose, for example, a State policeman arrests a man on view driving a stolen car. Does this section mean then that the officer must immediately produce the owner of the car at the hearing even though he may live 400 miles away? Again we would have an absurd and unreasonable result and

one impossible of execution. It would not be difficult to labor this point at length, citing cases involving such offenses as driving while intoxicated where doctors are frequently called or intoximeters used; driving without permission of the owner where the owner must be called as a witness; driving during suspension where a certified copy of the suspension order must be secured from the Department of Revenue at Harrisburg; however, we think it is so apparent that the legislature never intended to make this section applicable to felonies and misdemeanors that it is unnecessary to discuss it further except to say that any other construction of the act would completely nullify subsections 1201(b) and 1202(b).

We will add, however, that this section as it presently appears in the 1959 act has been a part of The Vehicle Code since the amendment of June 27, 1939, P. L. 1135, sec. 1211, or a period of almost 24 years and we find no reported case in the entire Commonwealth which supports defendant's contention. In their brief, counsel for defendant cite a decision by the Court of Quarter Sessions of Elk County in the case of Commonwealth v. Garner, in which it is asserted that the court quashed an indictment on a charge of driving while intoxicated because the State policeman did not file the information before the nearest available magistrate. However, we have been furnished no opinion in that case, but if this was the sole reason for quashing, we must respectfully disagree.

As a matter of fact, the "nearest available" magistrate provision did not appear in the code at all until the 1939 amendment. This came about as a result of the fact that in certain communities speed traps were set up and some magistrates were accused of making a racket out of the law enforcement business. To overcome this complaint the legislature enacted this amendment making it impossible to bring all cases before one

magistrate. Hence, we are again aided by section 51 of the Statutory Construction Law, 46 PS §551, which provides:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

"When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similiar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law."

The mischief to be remedied, then, was this so-called racketeering by magistrates in summary cases, but obviously this problem did not or could not apply to felonies or misdemeanors where the magistrate does not collect the fine and costs but must hold a hearing and bind over to the court of quarter sessions for further disposition.

Referring again then to the second sentence of the above quotation from the Statutory Construction Act that "Every law shall be construed, if possible, to give effect to all its provisions," we conclude that section 1214 of The Vehicle Code of 1959 does not nullify the provisions of subsections 1201(b) or 1202(b) and that where the information is designated a felony or misdemeanor, the information may be filed as now provided by law.

While we do not rest our decision on the question of waiver, we think there is ample authority that defendant cannot question the regularity of the proceeding before the magistrate after an indictment has been returned by the grand jury. In the case of Commonwealth v. Caserta, 177 Pa. Superior Ct. 461, 465, the court said:

" 'It is well settled that where, as in the present case, a defendant has had a preliminary hearing, has given bail for court, and has been regularly indicted by a grand jury upon examination of witnesses, it is then too late to question the sufficiency or regularity of proceedings prior to the indictment. In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment . . .' Com. v. Murawski, 101 Pa. Superior Ct. 430, 431 (1931) ; Com. v. Poley, 173 Pa. Superior Ct. 331, 336, 98 A. 2d 766 (1953)." See also Commonwealth v. Wideman, 150 Pa. Superior Ct. 524.

Accordingly, we enter the following

### Order

And now, July 18, 1963, the rule to show cause why the indictment in the above entitled case should not be quashed is discharged and the motion to quash is refused.