## Commonwealth, Appellant, *v.* Banks.

Argued March 16, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Burton Satzberg,* Assistant District Attorney, with him *Thomas M. Reed,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District At-

torney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., April 14, 1964:

The Commonwealth has appealed from an order of the Court of Quarter Sessions of Philadelphia County quashing Bill of Indictment No. 383 June Sessions 1963, which charged Ellis Banks in three counts with various grades of assault and battery on Benjamin Schutzberger. There is no doubt as to the Commonwealth's right to appeal from an adverse ruling on a pure question of law. See *Commonwealth v. Simpson,* 310 Pa. 380, 165 A. 498.

The record discloses that, on the afternoon of April 14, 1963, Schutzberger, a storekeeper, was assaulted and beaten by a number of young men. The victim was taken to a hospital and required medical attention for several weeks. A subsequent police investigation revealed, inter alia, the name of Ellis Banks. On May 7, 1963, a detective went to the home of Banks and requested that Banks accompany him to the police station, where he was promptly identified by Schutzberger and placed under arrest. On May 20, 1963, after hearing before a magistrate, Banks was held under $400.00 bail for action by the Grand Jury. On May 22, 1963, Banks filed a petition for a writ of habeas corpus in Court of Common Pleas No. 2 at No. 4973 March Term 1963, alleging that his confinement was unlawful for the reasons (a) that he was arrested without a warrant, and (b) that there was no valid complaint. On June 6, 1963, after hearing before Judge WATERS, this petition was denied, and Banks was released on his own recognizance. An indictment was returned the following day. According to the docket entries, on

October 24, 1963, Banks entered a plea of not guilty. On November 26, 1963, Banks appeared for trial, and at that time moved that the indictment be quashed.[1] After an extended discussion between the trial judge, the assistant district attorney, and counsel for Banks, an order was entered quashing the indictment. This appeal followed.

We are all of the opinion that the order below must be reversed. Alleged defects or irregularities in the proceedings preliminary or antecedent to the indictment may not be considered on a motion to quash: *Commonwealth v. Evans,* 190 Pa. Superior Ct. 179, 154 A. 2d 57; affirmed 399 Pa. 387, 160 A. 2d 407. In the case at bar, having given bond for his appearance, appellant was precluded from raising questions touching the illegality of his arrest by a motion to quash. See *Commonwealth v. Dingman,* 26 Pa. Superior Ct. 615; *Commonwealth v. Keegan,* 70 Pa. Superior Ct. 436; *Commonwealth v. Fedulla,* 89 Pa. Superior Ct. 244. The contention was advanced in *Commonwealth v. Hill,* 166 Pa. Superior Ct. 388, 71 A. 2d 812, that an arrest was illegal as not properly "on view" within the meaning of the law. In refusing to pass on that issue, this court said: "It is clear that an infirmity in the arrest, if any there was, should have been raised in a proceeding to be discharged; having posted bond for appearance such defects must be deemed to have been waived".

The court below took the position, not only that there was an unlawful arrest without a warrant, but also that "no complaint of any sort as contemplated by the Constitution was ever filed". In *Commonwealth v. Mazarella,* 86 Pa. Superior Ct. 382, it was expressly

---

[1] According to the opinion below, the defendant demanded a jury trial. The record does not disclose whether or not a jury had been sworn. See the Act of March 31, 1860, P. L. 427, Section 11, 19 P.S. 431.

held that a motion to quash an indictment on the ground that it lacked the support of a complaint before a magistrate was properly overruled where the defendant had entered into a recognizance to appear and answer the charge. The entry of bail in such circumstances constitutes a waiver of previous defects, if any, in the proceeding before the magistrate: *Commonwealth v. Wideman,* 150 Pa. Superior Ct. 524, 28 A. 2d 801.

While we do not base our decision on this point, there is an additional reason for reversal in the case at bar. As heretofore indicated, the contentions advanced in the motion to quash had been previously considered and rejected in the habeas corpus proceeding. No appeal was taken. These same questions could not thereafter be raised again by motion to quash.

Order reversed with a procedendo.