## Commonwealth v. Pringle

268

*Edward M. Bell*, for Commonwealth.
*William Kuhn*, for defendant.

ACKER, J., February 21, 1968.—The issue for determination in this case is whether a criminal information is so defective that a defendant must be discharged, due to the failure of the committing magistrate to follow the provision of the Pennsylvania Rules of Criminal Procedure in the preparation and filing of a transcript following a hearing. The answer, under the facts of this case, must be yes.

Defendant was charged with a violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1027, subsec. a, 75 PS §1027.[1] Attached to the "information" was a "criminal complaint", blank as to its first page. Printed across the top was "This form was drawn to conform to the requirements of Rules 104 and 105 of Criminal Procedure . . ."

Although nine separate grounds for discharge are raised by defendant, only the following matters require discussion:

I. Was there a waiver by posting bail?

It is contended by the Commonwealth that when defendant appeared and had a preliminary hearing

---

[1] Failure to stop at the scene of an accident, a misdemeanor.

and subsequently posted bond, although his case has not been presented to the grand jury, he thereby lost the right to now attack the form of the complaint.

Strength for the Commonwealth's position appears in Commonwealth v. Banks, 203 Pa. Superior Ct. 198, at page 200 (1964), where a cursory examination might lead one to believe that the entry of bail waives the requirement of filing a complaint of any sort.[2] However, a more careful reading discloses that in addition to posting bond, the matter must have progressed beyond the grand jury stage for waiver to occur.[3] Otherwise, a defendant would be required to languish in jail in order to preserve his right to a hearing. Fortunately, this does not appear to be the law.

Therefore, defendant is in the correct procedural posture.

II. By failing to comply with Pa. R. Crim. P. 106 has there been a substantial denial of defendant's rights requiring his discharge?

---

[2] Other cases using similar language are Commonwealth v. Reis, 202 Pa. Superior Ct. 159 (1963); Commonwealth v. Poley, 173 Pa. Superior Ct. 331 (1953).

[3] In the cases cited in footnote 1 and Commonwealth v. Banks, supra, the grand jury had heard the matter following a preliminary hearing and the posting of bond. Other cases holding that after bail *and indictment* it is too late to raise the sufficiency or irregularity of the proceedings prior to indictment are Commonwealth v. Wideman, 150 Pa. Superior Ct. 524, 1942; Commonwealth v. Murawski, 101 Pa. Superior Ct. 430 at 431, 1931; Commonwealth v. Mazarella, 86 Pa. Superior Ct. 382, 1926; Commonwealth v. Keegan, 70 Pa. Superior Ct. 436 at 438, 1918; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615, 1904. The authority relied upon by many of the cases is Commonwealth v. Brennan, 193 Pa. 567 (1899), where after defendant had been indicted for murder, the court, at trial, refused to entertain a motion to quash the indictment because the information was not sworn to and subscribed before the committing magistrate.

Pa. R. Crim. P. 106 requires that in any action instituted by a complaint the issuing authority first determine whether

"(1) The complaint has been properly completed and executed;

"(2) The affiant is a responsible person; and

"(3) There is probable cause for the issuance of process.

"(b) Upon determining the above questions in the affirmative, the issuing authority shall:

"(1) Endorse the following on the complaint:

"And now, this date, ——————, 19—— I certify the complaint has been properly sworn to and executed before me, and I believe the within affiant to be a responsible person and that there is probable cause for the issuance of process.

(Issuing Authority)"

Rules 104 [4] and 105 [5] only require that the complaint be "substantially in the following form . . ."

Rule 106, however, grants no license to deviate. Rather, it commands that ". . . the issuing authority shall (1) endorse the following on the complaint . . ." This is not a hollow phrase of legal verbiage, but a very important guarantee granted to all criminal defendants charged with either a misdemeanor or a felony. It is of particular import here, for defendant claims to have waived hearing.

The Supreme Court has the right to promulgate rules of criminal procedure which supersede or suspend any statute or rule of practice inconsistent therewith.[6]

---

[4] Setting out the requirements of the complaint.

[5] Being a model complaint.

[6] The Act of July 11, 1957, P. L. 819, sec. 1, 17 PS §2084.

The word "shall" is generally taken as a command to be regarded as imperative or mandatory: Francis v. Corleto, 418 Pa. 417, 428, (1965).

The intent of the drafters of the rule, or statute, may be determinative as to whether the word "shall" is permissive or imperative.[7]

In that the committing magistrate did not attempt to use any type of certification, the only question is whether the Supreme Court intended rule 106 to be disregarded in its entirety. To assume it did is an inconceivable conclusion.

III. If a transcript is filed more than five days after defendant is held for court by the committing magistrate, must defendant be discharged?

Rule 125 sets forth that the transcript is to be filed within five days of holding defendant for court. This court, in Commonwealth v. Schons, at December Sessions, 1967, no. 48, held that a four-day delay after the expiration of the five-day period was not, under the facts of that case, grounds for discharge. The reasoning was twofold. First, the purpose of the rule has been declared ". . . to insure the accused proper Grand Jury consideration". [8] Second, under the facts of that case, defendant was not delayed in having his case heard by the grand jury.

Here the transcript was filed 24 days after the hearing and 19 days late under rule 125. The grand jury met on November 13, 1967; therefore, the transcript arrived three days prior to the presentment of the case to the grand jury. Defendant was not, in fact, prevented from having his case presented to the next available grand jury. Defendant will not be discharged on this ground. The delay of 19 days is clearly a

---

[7] Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County, 417 Pa. 299, 302 (1965).

[8] Commonwealth v. Branch, 207 Pa. Superior Ct. 137, at page 143 (1965).

violation of command of the Supreme Court, however, and should not be repeated.

IV. Has the court previously ruled on the questions now raised?

The Commonwealth contends that the motion should be discharged on the authority of Commonwealth v. Coulter, September Sessions, 1965, no. 64, of the Quarter Sessions Court of this county through an opinion written by President Judge Stranahan. This court was not, however, confronted with the issues here discussed. Rather it ruled that the use of the words ". . . shall be substantially in the form set forth . . .", as used in Pennsylvania Rules of Criminal Procedure 104 and 105, did not require exact compliance as to (1) the name given the document filed (criminal transcript rather than complaint), (2) the address of a State police officer and (3) that the information was not sworn to according to knowledge, information. and belief. None of these issues are here involved.

In addition, it should be noted that the effective date of the Pennsylvania Rules of Criminal Procedure is January 1, 1965. The hearing in the Coulter case was held on July 31, 1965. The hearing in this case was held October 17, 1967, being two years and over 10½ months since the rules became effective.

Committing magistrates should now all be apprised of the explicit clear requirements established by the Pennsylvania Rules of Criminal Procedure.

For these reasons alone, without passing on the remaining multiple grounds advanced, the motion to quash the criminal information and discharge defendant is granted.

ORDER

And now, February 21, 1968, it is hereby ordered and decreed that the motion to quash the criminal

information and discharge defendant is granted, and that defendant and his surety be and are hereby discharged from their obligation under defendant's appearance bond. Costs to be paid by the County of Mercer.

