Commonwealth, Appellant, *v.* Murray.

Argued September 17, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James D. Crawford,* Deputy District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Howard L. Schambelan,* with him *H. Laddie Montague, Jr.,* and *Cohen, Shapiro, Berger, Polisher & Cohen,* for appellee.

OPINION BY WRIGHT, P. J., November 13, 1970:

This is an appeal by the Commonwealth from an order of the court below granting a motion by Benjamin Murray to quash two indictments returned by the Grand Jury of Philadelphia County at June Sessions 1969. Bill No. 1246 charged aggravated robbery. Bill No. 1247 charged assault and battery upon a police officer and resisting arrest. There is no doubt as to the Commonwealth's right to appeal: *Commonwealth v. Banks,* 203 Pa. Superior Ct. 198, 199 A. 2d 473.

The record discloses that Murray was arrested on April 5, 1969, as the result of an occurrence at Mascher and Huntington Streets in the City of Philadelphia. At about 9:30 p.m. that evening, Bernard McClaverty was walking to his home from the home of his son when a group of seven youths jumped upon him and knocked him down. During this scuffle, McClaverty's wallet was taken. When Officer Miller arrived on the scene he observed McClaverty being beaten. As Miller got

out of his patrol car, five of the youths ran. The other two, later identified as Murray and Joseph Newman, attacked the officer. A brief struggle ensued, during which Murray kicked the officer and then escaped. Other officers apprehended Murray shortly thereafter. McClaverty was taken to a hospital, where he refused medical attention and requested that he be taken to the station house to sign a complaint.

On June 2, 1969, Murray was accorded a preliminary hearing, at which he was represented by counsel. He made no objection to the complaint at that hearing. Following indictment by the Grand Jury, Murray pleaded not guilty, waived a jury trial and was tried by Judge DANDRIDGE on December 16, 1969. No objection was made to the complaint at the trial. Following verdicts of guilty, sentence was deferred pending post trial motions. On April 3, 1970, for reasons which do not appear in the record, Judge DANDRIDGE granted a new trial. On May 14, 1970, Murray filed a motion to quash the indictments, contending for the first time that the complaint was defective. On June 4, 1970, Judge KINLEY granted this motion.

We are in accord with the contention of the Commonwealth that the indictment and entry of a plea thereto operated to correct any defects in the complaint. It has been held that the entry of bail is a waiver of defects in the proceedings before the magistrate: *Commonwealth v. Wideman,* 150 Pa. Superior Ct. 524, 28 A. 2d 801. Where a defendant had given bail for his appearance in court, a motion to quash the indictment on the ground that it lacked the support of a complaint was properly overruled: *Commonwealth v. Mazarella,* 86 Pa. Superior Ct. 382. Defects or irregularities in the complaint are waived by pleading to the indictment and going to trial: *Commonwealth v. Bruno,* 203 Pa. Superior Ct. 541, 201 A. 2d 434. And see *Commonwealth v. Schoen,* 25 Pa. Superior Ct. 211;

310

*Commonwealth ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 165 A. 2d 400.

In *Commonwealth v. Banks,* supra, 203 Pa. Superior Ct. 198, 199 A. 2d 473, the court below quashed an indictment on the ground that "no complaint of any sort as contemplated by the Constitution was ever filed". In our unanimous reversal, we reviewed the cases and pointed out that alleged defects before the magistrate had been waived. Moreover, this waiver is effective as to all subsequent trials: *Commonwealth v. Lingle,* 120 Pa. Superior Ct. 434, 182 A. 2d 802.

Order reversed with a procendo.