Commonwealth *v.* Irby, Appellant.

Argued September 27, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*J. Graham Sale, Jr.*, Assistant Public Defender, with him *John J. Dean*, Assistant Public Defender, and *George H. Ross*, Public Defender, for appellant.

*Robert L. Campbell*, Assistant District Attorney, with him *Carol Mary Los*, Assistant District Attorney, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 20, 1971:

This is a direct appeal from a first degree murder verdict and imposition of a life sentence. Although appellant does argue, *inter alia*, that the verdict was against the weight of the evidence, in view of appellant's statement, made after proper warnings, that he had entered the victim's store, pulled a gun, informing the victim that it was a stickup, and shot the victim when the victim also reached for a gun; and in view of the testimony of an eyewitness, who saw appellant running past her a few blocks from the victim's store shortly after the robbery, appellant's contentions relating to the sufficiency of the evidence have little merit.

For this reason, appellant emphasizes what he alleges are procedural irregularities which entitle him to a new trial, specifically, that the proceedings against him were a nullity because the two criminal complaints which were issued against him, on September 23 and 25, 1969, for felonious assault and murder, respectively, were not filed with the Clerk of Courts prior to the commencement of appellant's trial on March 23, 1970. Instead, appellant was indicted by the grand jury on the basis of the finding of the coroner. However, it is settled law that all procedural and nonjurisdictional defects and defenses not previously raised were waived when he pleaded to the indictment. *Commonwealth v. Allen*, 443 Pa. 447, 277 A. 2d 818 (1971); *Commonwealth ex rel. Walls v. Rundle*, 414 Pa. 53, 198 A. 2d 528 (1964); *Commonwealth v. Murray*, 217 Pa. Superior Ct. 307, 272 A. 2d 201 (1970).

Appellant, recognizing this, alleges that the failure to object to such irregularities constitutes ineffective assistance of counsel as a matter of law. We do not agree. Absence of effective counsel means representation so lacking in competence that it becomes the duty of the court to correct it. Here, if appellant's counsel had objected, the procedural defects could easily have been corrected. Such a tactic would not have helped appellant's chances. The particular course of action chosen by appellant's counsel had "some reasonable basis designed to effectuate his client's interests" and the test set out in *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967), for the determination of the effectiveness of counsel has been met.

Judgment of sentence affirmed.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.