## Commonwealth v. Eshelman

*Robert L. Knupp,* Assistant District Attorney, for Commonwealth.

*John B. Mancke,* for defendant.

CALDWELL, J., April 12, 1972.—

## PROCEDURAL HISTORY

On April 27, 1971, defendant was operating a tractor-trailer combination in Lower Swatara Township. The unit was stopped and weighed by the local police and defendant was taken before a district justice and charged with operating a "combination of vehicles" with a gross weight exceeding that permitted by The Vehicle Code. The information or complaint that was prepared alleged the facts concerning the violation and concluded by stating that said facts were contrary to the provisions of section 903, subsection *B* of said code. On the same date, defendant was adjudged guilty and a fine of $2,600 and costs of $5 were imposed by the district justice and paid by defendant. On May 6, 1971, an appeal from the conviction was filed and the matter was heard de novo by the court on September 2, 1971.

Defendant's appeal was based entirely on a highly technical defense, to wit, that an incorrect or inapplicable subsection of section 903 of The Vehicle Code was set forth in the complaint. The complaint charged

a violation of section 903(b), but the evidence showed a violation of section 903(c). It was agreed at the hearing that the facts did constitute a violation of section 903, subsection C, and that said facts were true. However, defendant contended that since the complaint did not charge him with a violation of subsection C, he was, therefore, entitled to be acquitted and his appeal sustained.

On September 7, 1971, the court announced its decision in writing and sustained the appeal, ruling that Pennsylvania Rule of Criminal Procedure 104(6) (b), which requires that the complaint in summary cases cite the specific section and subsection allegedly violated, had not been complied with and that for this reason the conviction could not be sustained. On September 9, 1971, the Commonwealth filed a "Motion in Arrest of Judgment," attacking the legal conclusion reached by the court and argument on said motion was heard on March 2, 1972. The matter is now before us for disposition.

## DISCUSSION

Before dealing with the merits of the case, we must dispose of defendant's procedural argument that the verdict must stand because there is no authority for the Commonwealth's action in filing a "Motion in Arrest of Judgment." We agree that motions in arrest of judgment are usually associated with pleadings filed by a defendant, but it has long been the law that the Commonwealth may appeal a pure question of law in a criminal case. In Gaskins case, 430 Pa. 298, 244 A. 2d 662 (1968), the court said:

"Although, as a general rule, the Commonwealth is not entitled to appeal in criminal cases, this Court has repeatedly ruled that the Commonwealth may

appeal from adverse rulings on pure questions of law. (citing cases)"

See also Commonwealth v. Simpson, 310 Pa. 380, 165 Atl. 498 (1933), and Commonwealth v. Banks, 203 Pa. Superior Ct. 198, 199 A. 2d 473 (1964).

The verdict rendered following the hearing of this matter was based purely upon a matter of law and the Commonwealth has an unqualified right to pursue its position on the law through the appeal procedures, which includes presenting the matter to the lower court for argument and decision. We consider the caption of the Commonwealth's motion as relatively unimportant, since its purpose to appeal and question the court's legal ruling is clearly stated. Thus, we will treat the motion filed by the Commonwealth as an appeal and will rule upon the substantive question involved.

Pennsylvania Rule of Criminal Procedure 104(6)(b) provides as follows:

"104: Every complaint shall be substantially in the form set forth in Rule 105 and *shall* contain:

"(6) (a)

"(b) In a summary case, a citation of the specific section *and subsection* of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged; . . . " (Italics supplied.)

Section 903(b) of The Vehicle Code limits the weights of *single vehicles* on Pennsylvania highways while section 903(c) limits the weights of a combination of vehicles, to wit, a tractor and trailer, etc. It is agreed that the Commonwealth cannot make out a case under 903(b), that the combination driven by defendant was in violation of 903(c), and that the facts alleged in the complaint are true and correct. Thus, the question presented is whether a conviction can

be sustained where the Commonwealth cannot show a violation of the precise subsection cited in the complaint, but can prove the factual allegations of the complaint and can show the violation of another subsection of the overweight provisions.*

The Commonwealth initially asserts that inasmuch as this proceeding originated by an arrest on view, and not by the service of a complaint, the requirements of rule 104 are not involved. We note, however, that rule 118 requires that a defendant arrested on view "shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him." Rule 105 outlines the form of the

---

\* The complaint alleged the following:

"Ptl. Charles H. Fox of the Lower Swatara Township Police of Middletown, Pennsylvania, who was in uniform at the time of the violation, and who upon being duly sworn according to law deposes and says that at or about the hour of 1:50 P.M., E. S. T. on the 27th day of April A. D., 1971, the defendant above named, did unlawfully operate a Mack Truck, Bearing 1970, Pa. Registration No. CD 27342 with 1970 validating Sticker No. 5329795, and a Fruehauf Trailer, Bearing 1970, Pa. Registration No. TC15386 with 1970 validating Sticker No. 52279 on a public highway Rt. 230 at Lower Swatara Twp. scales in Lower Swatara Township, County and Commonwealth aforesaid.

"In that the above named defendant did then and there operate said COMBINATION OF VEHICLES with a gross weight of 56,140 pounds, when the gross maximum weight allowed for this particular kind, type and class of motor vehicle is 30,000 pounds. Vehicle overloaded 26,140 pounds, this being over three (3) percent of the gross weight allowed by the Vehicle Code of the COMMONWEALTH of PENNSYLVANIA.

"This in violation of Section 903, Subsection B, Article IX, Act 39 P. L. 58, effective March 3, 1970 of the Vehicle Code of the COMMONWEALTH of PENNSYLVANIA, as further amended. Contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the COMMONWEALTH."

complaint and rule 104 details the contents of the complaint. No distinction is made as to the form of the complaint based on the manner in which the proceedings are begun. In our view, the complaint is an essential part of the process and it is the complaint and not the arrest that is the foundation for the proceedings that follow. See Commonwealth v. Rose, 437 Pa. 30, 261 A. 2d 586 (1970). No authority is cited for the Commonwealth's position, and we hold that what is required in the complaint is not related to the manner in which the proceeding is instituted.

In Commonwealth v. Schreiber, 94 Dauphin 94 (1971), then President Judge Kreider was dealing with an identical situation. In that appeal, defendant had also been charged with violating section 903(b) of The Vehicle Code. He was found guilty by a district justice and appealed de novo to the court. He was again found guilty and filed a motion in arrest of judgment in which he contended, *for the first time,* that the evidence showed a violation of section 903(c) but was insufficient to sustain a conviction under 903(b) of the code. Defendant contended that since he was not charged in the complaint with violating 903(c), the conviction could not be sustained. Judge Kreider took pains to point out that this contention was never raised until after the court had rendered its decision on the appeal, and he held that defendant had not presented the issue timely and had waived the right to pursue this particular argument. Such is not the situation in this case. Here, defendant raised the issue of rule 104 at the hearing de novo and, because of the important and interesting question presented, we have decided to pass the question of waiver and address ourselves to the legal defense which has been framed.

We believe the question to be answered in this pro-

ceeding is whether reference to an incorrect subsection in the complaint corrupts the entire proceeding.

The complaint in this case clearly summarizes the nature of the offense for defendant. It alleges that on the date in question he *unlawfully* operated a "Mack Truck" and a "Fruehauf Trailer" upon the highway, in that said "COMBINATION OF VEHICLES" exceeded the gross weight allowed by law. In the final paragraph, the complaint attempts to inform defendant of the law he has violated by stating that the foregoing facts are in violation of "section 903, subsection B" of The Vehicle Code.

Perhaps the district justice hit the wrong typewriter key or perhaps he erroneously referred to an incorrect or inapplicable subsection of the code. Is defendant entitled to be acquitted because of the error that has occurred in attempting to comply with this part of rule 104(6)(b)?

Rule 2 outlines the purpose and scope of the Pennsylvania Rules of Criminal Procedure and states as follows:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction."

We cannot see that the interests of justice would be served for defendant or for society by ruling that the obvious error which occurred in this complaint must result in defendant's acquittal because of the wording of rule 104(6)(b). We believe that the requirement of rule 104 concerning the citation of the specific section and subsection is a proper one and should be complied with, but we also believe that its application

must be viewed in connection with the aim sought to be achieved by the rule. The purpose of the rule, of course, is not merely to cite the law for defendant. Its purpose is to notify defendant of the offense with which he is charged by reciting the facts of the violation as well as to inform him of the law involved in the facts.

The complaint informed defendant that it was the weight of the "Combination of Vehicles" that violated the law. In addition, the complaint contained a statement of the facts which leaves no doubt as to the "nature of the offense charged." Reference to section 903 of The Vehicle Code would make it readily apparent that the offense outlined in the summary of the facts would come under subsection C and not subsection B. If the purpose of the rules is to provide for the just determination of cases, to secure simplicity in procedure, and fairness in administration, it is not realistic to argue that the entire proceeding is tainted because of an error in one letter in a citation.

We are not unmindful of the admonition of the court in Commonwealth v. Rose, supra, concerning the need for compliance with rule 104. We have concluded that the intent and requirements of rule 104(6)(b) were complied with in this case, but in doing so, the magistrate made a mistake. While the citation of the subsection was in error, it does not follow that there was no compliance with the rule, and in our opinion it was never intended that shortcomings such as those presented here should entitle a defendant to be discharged.

Upon reflection, we find that we committed an error of law when we ruled that defendant must be acquitted because of a minor error in setting forth the citation required by rule 104(6)(b).

## ORDER

And now, April 12, 1972, our order of September 2, 1971, is reversed and defendant is found guilty as charged, and the fine and costs imposed by the district justice are reinstated.