Exceptions to the Commonwealth.

## Commonwealth v. Bleech

*William F. Morgan,* for Commonwealth.

*John Yoder,* for defendant.

WOLFE, P. J., April 11, 1973.—Defendant has filed an application to quash the indictment approved against him on a charge of larceny.

Defendant asserts the indictment is fatally defective in that it is not supported by the criminal complaint and that the complaint does not support or allege a criminal violation, for the reason the complaint does not contain a statement of all of the essential elements of the offense (larceny), does not contain a statement of the value of the property alleged to have been taken and contains no allegation of ownership of the property alleged to have been taken.

The criminal complaint charges defendant

"Unlawfully took the keys from the truck he was driving and put them in his pocket, also took a pipe to a hose adaptor; also an eight foot suction pipe and refused to allow them to remove the truck from the property and refused them to remove oil, which they were entitled to, all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of Penal Code . . ."

Although we question the timeliness of defendant's motion we think justice demands it be granted.

Alleged defects or irregularitites in proceedings antecedent to the indictment may not be considered

on a motion to quash: Commonwealth v. Evans, 190 Pa. Superior Ct. 179.

A motion to quash an indictment on the grounds it lacked the support of a complaint before a magistrate was properly overruled where defendant had entered into a recognizance to appear and answered the charge. The entry of bail in such circumstances constitutes a waiver of previous defects, if any, in the proceedings before the magistrate: Commonwealth v. Wideman, 150 Pa. Superior Ct. 524.

If an accused desires to attack a criminal complaint, he cannot wait until an approved bill against him but must act promptly to attack the complaint before it is merged into an approved indictment. This seems to be a just result because the magistrate does not find guilt or innocence but merely finds if there is sufficient cause to bind defendant to court and, if so, defendant is not called upon to defend the charge until presented with an approved bill, as in this case, which reads:

"The Defendant . . . on or about the 8th day of June, 1972 . . . did commit larceny in that he did take, steal and carry away truck keys, an eight (8) foot suction pipe, and another pipe, with the intent to deprive the owner permanently of the use thereof, all of which is against the peace and dignity of the Commonwealth of Pennsylvania."

When we compare the language adopted in the criminal complaint with the language of the indictment, we find it difficult to now advise defendant he has waived previous defects in the complaint. The complaint need not carry the technical language necessitated by an indictment, but it must be sufficient to inform defendant that he has committed a crime and spell out reasonably the nature of the crime committed.

"It is true that a complaint or information must con-

tain all the essential elements of the offense sought to be charged, and, if it fails in this respect, it is not sufficient that the indictment supply them, because a defendant should not be required to answer a charge different from, and unrelated to, the one for which he was arrested and held to bail. But it is likewise true that an information need not employ the legal phraseology or possess the technical accuracy of an indictment or describe the crime as fully and specifically as is there "required": Commonwealth v. Musto, 348 Pa. 300.

Neither the criminal complaint nor the indictment specify the owner of the alleged stolen property, and, therefore, defendant cites Commonwealth v. Kashinski, 52 D. & C. 342 (1944), holding the absence of recitation of ownership in the indictment is fatally defective to it.

Pennsylvania Rule of Criminal Procedure 104 does not requre the allegation of ownership of the alleged stolen property but does require a summary of the facts sufficient to advise defendant of the nature of the offense charged and that defendant violated the penal laws of the Commonwealth of Pennsylvania, but a citation of the statute allegedly violated, by itself, is not a sufficient compliance to fulfill the Commonwealth's duty to inform defendant of the charge against him.

Reading the criminal complaint at its face value in the instant case tells us no more than defendant took some property from a truck he was driving (unlawfully) and refused to allow the truck to be removed and refused oil to be removed.

Further, the complaint merely alleges all this was done in violation of the "Penal Code."

Viewing the language in the form set in the complaint tells us no more than that a tortious act was

done by the accused to someone else's property and the only clue that would lead us to conclude there was a criminal violation is the language in the formal complaint that these acts are against the "peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of the Penal Code. . . ."

We conclude that this constitutes more than irregularities or minor defects and, on the contrary, is so lacking in any language to fairly warn defendant that he committed a criminal act as to constitute lack of due process and the indictment, although sufficient in itself, cannot relate back or be supported by this complaint.

For these reasons, we hold the motion must be granted and make the following

## ORDER

And now, April 11, 1973, the application to quash the indictment is granted. Exceptions to the Commonwealth.