Commonwealth *v.* Branch, Appellant.

138

Argued November 8, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF- MAN, JJ. (FLOOD, J., absent).

Paul E. Waters, for appellant.

Frank P. Lawley, Jr., Deputy Attorney General, with him Walter E. Alessandroni, Attorney General, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., December 16, 1965:

David L. Cochlin, Captain of the Capitol Police, filed a complaint charging that appellant-defendant "refused to disperse and leave the main Capitol Building in the city of Harrisburg, after I gave each of them notice to do so at approximately 6:45 P.M. and after informing each of them that as Captain of the Capitol Police I am in charge of security for the building, all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Acts of Assembly in such cases made and provided", and he was arrested on a warrant describing the offense as trespassing. After a hearing, the defendant was adjudged guilty and sentence suspended by Alderman Joseph Demma of that city. The Court of Common Pleas allowed a writ of certiorari and after consideration of the alderman's return of a transcript of his record affirmed the judgment of the alderman. This appeal followed.

Two questions were raised in this appeal: (1) does the complaint charge a criminal offense and (2) if a criminal offense is charged, did the alderman have summary jurisdiction. A preliminary question is also raised by appellee which we shall consider first.

The preliminary question is predicated on the fact that no final judgment was entered, sentence being suspended. Appellee contends this fact precluded a review of the alderman's record by certiorari. We do not agree. Although there was no final judgment, there was a definite disposition of the charge when the alderman found the appellant guilty. One of the purposes of certiorari is to correct irregularities in the record and therefore certiorari will not be defeated merely because the record does not show the entry of a judgment. It is the cause, not merely the judgment, that is removed by certiorari. Hence, even if the justice failed to make a formal entry of judgment, there may be a reversal if the record shows he exceeded his jurisdiction or failed to proceed according to law. If the justice has finally disposed of the matter, but declines to enter judgment, certiorari will lie. Sadler, Criminal Procedure in Pennsylvania, §844 (2d ed. 1937); *Bolivar Borough v. Coulter,* 10 Dist. 171 (C.P. Westmoreland Co. 1901); *Ferriday v. Reinhold,* 8 Dist. 637 (C.P. Northampton Co. 1889); 14 Am. Jur. 2d, Certiorari, §13.

Returning to a consideration of the first main question, the Act of April 9, 1856, P. L. 293, §1, 18 P.S. §3354, provided, inter alia, that, ". . . any persons who shall gather in noisy or boisterous crowds, either on the capitol grounds or in the capitol, or refuse to disperse and leave on notice of the superintendent and watchmen, and all persons of either sex, known to be mischievous or immoral, who may be ordered to leave the public buildings or grounds, and who shall refuse so to do, shall each and every of them, on conviction

before any magistrate . . . be subject to the penalty or penalties imposed by the act to which this is a supplement . . ." However, this act was repealed by Section 1201 of The Penal Code of June 24, 1939, P. L. 872, 18 P.S. §5201, and this fact was recognized by the lower court which stated, "An examination of the record indicates that the offense charged was not a violation of the Act of 1856, supra, but a violation of the common law, of which the alderman had jurisdiction. See Act of June 24, 1939, P. L. 872, §1101, 18 P.S. 5101 and Historical Note following the Act of May 1, 1861, P. L. 682, §1, 42 P.S. 392 . . . This offense, in our opinion, was against the peace and dignity of the Commonwealth and as such, was a violation of the common law."

Section 1101 of the 1939 Code, 18 P.S. §5101, preserves offenses theretofore punishable either by statute cr common law if not specifically provided for in that act. Since the Act of 1856, P. L. 293, was specifically repealed it cannot be successfully contended that it was the intention of the Legislature to preserve that offense under this section. Therefore, if it is still an offense, recognition of it must be found in the common law, as stated by the lower court. However, we fail to find in Section 1 of the Act of 1861, P. L. 682, or in the Historical Note following it in 42 P.S. §392, any statement to the effect that at common law justices had authority to conduct summary proceedings in cases of this nature. Summary proceedings are exceptions to the general rule that criminal matters should proceed by indictment and trial by a jury and therefore they must be in strict conformity to the statutes authorizing them. 10 P.L.E. Criminal Law §151.

It would appear beyond doubt that all such crimes as especially affect public society are indictable at common law. *Commonwealth v. McHale,* 97 Pa. 397 (1881) ; *Commonwealth ex rel. Swisher v. Ashe,* 145

142

Pa. Superior Ct. 454, 21 A. 2d 479 (1941). However, we find no authority for summary proceedings at common law in situations as presently before us or in trespass generally.[1]

The Attorney General representing the Commonwealth of Pennsylvania, appellee, cites no common law authority for this action but does cite Section 2416 of The Administration Code, Act of April 9, 1929, P. L. 177, art. XXIV, as amended by the Act of March 28, 1961, P. L. 66, §2, 71 P.S. §646, and the Act of June 8, 1881, P. L. 67, §§1-2, 71 P.S. §§1564.1-1564.2, as statutory authority for these summary proceedings. We cannot accept them for the reason that neither of these acts establishes a crime or provides for a summary proceeding. The first merely authorizes and empowers Capitol Police and Commonwealth Property Police to do various things in the preservation of order and the protection of Commonwealth property among which is the power to arrest those who commit offenses within Capitol grounds and buildings and to ". . . prefer charges against him under the laws of the Commonwealth." The second gives to the superintendent and watchman similar powers and to the mayor and alderman of Harrisburg the power to hear and determine arrests made and brought before them by the superintendent and watchman, but neither defines any offenses. Prosecutions must be based on other provisions of the law. We must, therefore, conclude that these provisions do not authorize a summary proceeding for the offense alleged in the complaint.

Anticipating this possible conclusion the Attorney General has asked us to remand this case to the alderman for the purpose of binding over the appellant to

---

[1] *Commonwealth v. Grau*, 16 Dist. 806 (Q.S. Lancaster Co. 1907). Justices and aldermen have no jurisdiction to summarily convict for trespass.

the next grand jury for indictment on the charge of common law trespass. We have previously stated that all such crimes as especially affect public society are indictable at common law. The test is not whether precedents can be found in books, but whether they injuriously affect the public peace and economy. The common law is sufficiently broad to punish as a misdemeanor, although there may be no exact precedent, any act which directly injures or tends to injure the public to such an extent as to require the state to interfere and punish the wrongdoer, as in the case of acts which injuriously affect public morality, or obstruct, or prevent public justice, or the administration of government. *Commonwealth v. Miller*, 94 Pa. Superior Ct. 499 (1928).

However, we are not inclined to grant a remand in this case. The complaint was apparently filed under a statute the repeal of which was overlooked at the time and was intended as a summary proceeding from its inception. If it had been intended as an indictable offense the alderman would have been required to return his transcript within five days after his hearing so as to assure the accused prompt grand jury consideration. Pa. Crim. R. 125. Under the law as it stood prior to the 1964 Rules of Criminal Procedure the accused was held for the action of the next grand jury, assuring a prompt disposition of the matter. If we were to remand for a new hearing or an amendment of the record by the alderman, the defendant's constitutional rights of due process might be seriously questioned since over ten months have elapsed since that hearing. Therefore, without passing on the sufficiency of the complaint in stating a common law offense, we shall reverse the order of the lower court and hold invalid the proceedings before the alderman. If the appellant committed an indictable offense on January 25, 1965, there is still ample time during which he may be charged

with it before the expiration of the statute of limitation in such cases.

The order of the lower court is reversed, the exceptions to the alderman's return are sustained and the appellant-defendant is discharged.

WRIGHT, J., would affirm the order below.