## Commonwealth v. Ruzicka

*Francis K. Risko,* Assistant District Attorney, for Commonwealth.

*Percy H. Sand,* for defendant.

BRIAN, J., August 1, 1973.—Defendant was charged with "driving while under the influence of alcohol, Statute §1037 Pa. M.V.C." and was bound over for action of the grand jury following a hearing on September 12, 1972, before District Justice of the Peace McKelvey.

The district justice's transcript was not transmitted or filed in the office of the clerk of courts until April 9, 1973.

Defendant was notified on or about April 29, 1973, that a bill of indictment would be presented to the grand jury on May 9, 1973. He then filed a motion to quash the transcript and, pending its disposition, presentation of the bill of indictment was deferred.

At the initial hearing on the motion, we refused to hold that a violation of Pennsylvania Rule of Criminal

Procedure 126, requiring transmittal of the transcript within five days after the preliminary hearing, was, in itself, sufficient legal ground to quash, and ordered defendant to show wherein he was prejudiced by the delay. Testimony was presented at a subsequent hearing which tended to show that a material witness, known to defendant at the time of the alleged offense, could not now be found despite diligent efforts to locate him.

Has a sufficient basis to quash now been laid?

Several lower court decisions turn on the promptness of grand jury consideration. In Commonwealth v. Pringle, 44 D. & C. 2d 267 (1968), a 19-day delay after the five-day limit allowed by Rule 126 was rebuked as a violation of the rule but not prejudicial to defendant because the transcript, in fact, arrived three days before the presentment of the case to the grand jury. Compare Commonwealth v. Branch, 207 Pa. Superior Ct. 137, 143 (1965), which suggests that a delay of 10 months may be sufficient to show lack of "prompt grand jury consideration."

In Commonwealth v. Kokinda, 58 Luz. 241 (1968), however, an inexplicable four-month delay was not deemed prejudicial per se because, the court pointed out, a procedural remedy was available to defendant.

"R. Crim. P. 127 authorizes the court to issue a subpoena to compel the production of papers required by these rules if an issuing authority refuses or fails to transmit them. This Rule 'closes the door' to any suggestion that the failure to return the transcript within the five day period as required under R. Crim. P. 125(b) has any effect upon the validity of the prosecution . . . If defendant were concerned or prejudiced by the unexplained delay of the Alderman in returning the records of his proceedings to the Clerk of Courts, he had the remedy provided in Pa. R. Crim.

P. 127 and did not avail himself of it but permitted the matter to proceed to indictment by the Grand Jury."

A reconciliation of these differing views hinges, we think, on a determination as to who has the burden of moving a stalled prosecution forward. A parallel problem flows from the constitutional mandate to afford an accused a "speedy trial." The more recent Federal court decisions have apparently reversed an earlier view that the onus was on the defendant to petition for a prompt hearing where he was himself innocent of delay. See, e.g., Klopfer v. North Carolina, 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967); Dickey v. Florida, 398 U.S. 30, 90 S. Ct. 1564, 26 L. Ed. 2d 26 (1970). The Pennsylvania Supreme Court, in response to an alarming buildup of criminal case backlog, has adopted a new "speedy trial" rule of criminal procedure which puts the onus squarely on the prosecutor to bring defendant to trial within certain time limits or risk his discharge. See new Pa. R. Crim. P. 1100, adopted June 8, 1973.

We think, in the case at bar, that Pa. R. Crim. P. 128, permitting the issuance of a subpoena to compel production of the transcript if the District Justice of the Peace fails or refuses to transmit as required by Rule 126, is intended to assist a frustrated prosecutor rather than a defendant whose interest in stimulating a prosecution may be rather less than enthusiastic if he is not incarcerated awaiting trial. We, therefore, hold that where, as here, the case is not presented to at least two successive grand juries and defendant demonstrates actual prejudice resulting, the motion to quash the transcript will be granted. See R. Crim. P. 316.

## ORDER

And now, August 1, 1973, defendant's motion to quash the transcript in this case is hereby granted.